## WARDLAW et ux. v. HARVEY & JONES et al.*

### No. 4109.

Court of Appeal of Louisiana. Second Circuit.
Jan. 14, 1932.

Irion & Switzer and Thomas M. Comegys, Jr., all of Shreveport, for appellants.

J. W. Elder, of Ruston, for appellees.

*Rehearing denied February 16, 1932.

McGREGOR, J.

This is a suit for damages for property and personal injury growing out of a collision between two automobiles. Plaintiffs, James C. Wardlaw and his wife, residents of Caddo parish, were in the parish of Jackson on May 31, 1930, traveling north in their automobile, a Franklin sedan. The road along which they were traveling is a newly constructed concrete road of standard pattern, known as the Pershing highway. As they were thus traveling, a negro woman named Rosa Robinson, driving a Ford automobile, approached and drove upon the highway at right angles from a road camp on the west. In coming upon the highway at that point it was necessary to climb a steep embankment. Mr. Wardlaw saw her coming, and presumed, as he had a right to do, that she would either turn to the right and go south, or that, if she was going to turn to the north, the direction in which he was traveling, she would stop before coming upon the highway and would not come upon it in a reckless manner. It seems, however, that the woman did not observe the plaintiffs' car, but drove up the steep embankment just as plaintiffs reached the same point. It was necessary, of course, for the woman to apply considerable power to the machine to climb the steep embankment, and when she had ascended to the level of the road she evidently must have lost control of the car, either through carelessness and negligence or inability to handle it, and drove straight across without turning either to the right or to the left, and struck plaintiffs' car broadside, with the result that it was wrecked, and plaintiff, Mrs. Wardlaw, sitting on the front seat by her husband's side, was thrown out of the car upon the ground and injured. Mr. and Mrs. Wardlaw brought this suit for damages against the defendants Harvey & Jones, asking for judgment for the damage done to the car in favor of the community as represented by the husband, Mr. Wardlaw, and in favor of the plaintiff Mrs. Wardlaw personally for the injury received by her. In the petition it is alleged, and the demand against the defendant Harvey & Jones is based on the theory, that the woman, Rosa Robinson, was in the employ of the defendants, and that at the time of the accident she was performing service for them.

In their answer defendants deny that Rosa Robinson was employed by them in any manner, or that she was engaged in any service for them or their benefit at the time of the accident. The exact wording of the defense on this point, in addition to their general denial of agency or employment, is contained in paragraph 5 of the answer, and reads as follows:

"Your defendants especially deny that Rosa Robinson was employed by your defendants in any manner or for any purpose and further especially deny that any employee of defendants was authorized by the terms of his employment to delegate any authority to Rosa Robinson and defendants deny that at any time, and especially the time complained of, was Rosa Robinson engaged in any service of benefit to your defendants. They further deny that at the time of the accident that she was carrying any time sheets for defendants and they further deny that they were responsible in any manner for any claimed negligence of Rosa Robinson."

Then, without pleading in the alternative, the defendants alleged that the accident was due to the sole negligence of the plaintiffs, and that, if it should be found by the court that it was not, then it was the result of their contributory negligence. In addition they made the special plea that the plaintiffs had the last clear chance to avoid the accident. These pleas are set out in full in paragraph 6 of the answer, and are as follows:

"Further answering, defendants aver that the accident was caused solely by excessive speed at which plaintiffs were traveling and their failure to keep a careful lookout of the road ahead and if they had done so they could have and should have seen the said Rosa Robinson as she was entering the said highway in sufficient time to have avoided the accident and that plaintiffs had the 'last clear chance' to have avoided a collision. That said highway being at the time under process of construction it was the duty of plaintiffs to exercise extraordinary precautions in traveling the same and to travel at a slow speed along the said highway and to at all times maintain a sharp lookout for vehicles and machinery on or entering said highway, and this the plaintiffs failed to do. That in the event the Court should find that the plaintiffs were not solely the cause of the said accident, that then, and in that event alone, your defendants aver that plaintiffs were guilty of contributory negligence in traveling at an excessive speed under the existing conditions and in failing to maintain a lookout such as would permit them to see other vehicles or machinery that might be entering the highway at a point opposite the said road camp, engaged in the construction thereof, in sufficient time to stop their car. That the plaintiffs were aware, or should and could have been aware by the exercise of ordinary attention, of the fact that the said highway was for a considerable distance north and south of the place of the accident, still in process of construction, and that traffic thereon must proceed in a slow and careful manner in order to avoid accidents and this the plaintiffs failed to do and were thereby guilty at least of contributory negligence, which is hereby pleaded in the alternative against them."

There was judgment in favor of the defendants rejecting the plaintiffs' demands, and they have appealed.

## Opinion.

Defendants filed an exception of no cause of action, which is urged in this court. It is based on the assumption that plaintiffs' petition does not specifically allege in so many words that "when Bud Robinson turned over these time sheets to Rosa Robinson he was acting within the scope of his employment," and, further, that their petition did not specifically allege that, if the time sheets were turned over to Rosa Robinson, "she was acting within the scope of her authority." We have examined the petition carefully on this point and find no defect therein. The fact of the employment and the performance of service thereunder are minutely alleged, and the time of the accident is specifically connected with the service being performed under the employment.

After the plaintiffs had submitted their case in chief and had offered evidence to prove the agency of Rosa Robinson, the defendants offered testimony to disprove it, and this was objected to by the plaintiffs on the ground that in setting up the defense that the accident was due either to the sole or contributory negligence of the plaintiffs without making this allegation in the alternative, they had admitted the agency of the woman and had nullified their former denial of it. The objection was overruled, and the testimony was admitted subject to the objection. Notwithstanding their contention that by pleading the negligence and contributory negligence of the plaintiffs without pleading in the alternative, the defendants admitted the agency of Rosa Robinson, counsel for plaintiffs introduced evidence to prove the agency instead of relying on their right to object to the defendants introducing evidence to disprove it. On that circumstance alone the decision of the lower court turned. The objection to the introduction of the testimony on this point was overruled by the lower court on the ground and for the reason that plaintiffs had offered testimony to prove the agency, and that since they had done so the defendants had the right to introduce testimony to refute that of plaintiffs. In a very able and learned written opinion, the trial judge held that by introducing testimony to prove the agency of Rosa Robinson, the plaintiffs saved the defendants from the effect of their faulty pleadings. In other words, the court apparently held that by pleading negligence and contributory negligence the defendants virtually admitted the agency, but that, since plaintiffs had undertaken to prove it by evidence, that course permitted them (the defendants) to introduce evidence to deny it. This is very important, for the reason that the trial judge held that the plaintiffs were guilty of no negligence at all, but that the accident was the result of gross and criminal negligence on the part of Rosa Robinson; but on the question of the alleged agency of Rosa Robinson it was held that it had not been proved by the testimony offered, and the demand of the plaintiffs against the defendants Harvey & Jones was therefore rejected.

In the case of Adams v. Bell Motors, Incorporated, 9 La. App. 441, 121 So. 345, the plaintiff brought suit against the defendant for damages resulting from an automobile collision in which one of the automobiles was driven by one E. L. Tripp, who was alleged to be the agent and employee of the defendant. In its answer the defendant denied the agency of Tripp, and then, without pleading it in the alternative, set up the special defense that the collision was due solely to the negligence and carelessness of the plaintiff. Relying on the principle that, when a defendant makes the special defense that an accident was due to the negligence or contributory negligence of the plaintiff, that defense implies an admission of responsibility for the person or thing alleged by the plaintiff to be the agent or property of the defendant, the plaintiff introduced no evidence whatever to prove the agency of Tripp. Defendant contended that there should be judgment rejecting the plaintiff's demand for the reason that no evidence was introduced by him to prove the agency of Tripp. The trial judge ruled, and it was sustained by this court, that the setting up of the special defense in the answer was in effect an admission by the defendant that Tripp was its agent, and that it was therefore unnecessary for the plaintiff to introduce any evidence to prove it. That case was decided by this court after thorough consideration, and the principle upon which the opinion is based may well be considered as settled. The present case is on all fours with the Adams Case. Plaintiffs have brought suit against defendants for damages resulting from an automobile collision in which one of the automobiles was driven by one Rosa Robinson, who was alleged to be the agent and employee of the defendants. In their answer the defendants denied the agency of Rosa Robinson, and, without pleading in the alternative, they set up the special defense "that the accident was caused solely by excessive speed at which plaintiffs were travelling and their failure to keep a careful lookout of the road ahead," etc. It would be difficult to find two cases more nearly parallel. There is this difference, however: In the Adams Case the plaintiff offered no testimony to prove the agency, but relied solely upon the technical admission resulting from the faulty pleading of the defendant in setting up the special defense without pleading it in the alternative, while in the present case the plaintiff offered testimony to prove the agency and did not rely solely on the admission. The de-

fendant contends and the trial judge held that by introducing testimony to prove the agency of Rosa Robinson the plaintiffs saved defendants from the effect of their faulty pleadings and waived their right to object to testimony introduced to deny and disprove the agency. The reasoning leading to this conclusion is not sound. Under the law, when defendants denied the agency of Rosa Robinson in paragraph 5 of their answer and followed that by setting up a special defense of negligence on the part of the plaintiffs without pleading in the alternative, the denial of agency was automatically converted into an admission, so that the situation is the same as it would be if the admission of the agency had been directly made. Surely, if the agency had been directly admitted and notwithstanding the admission the plaintiffs had introduced testimony to prove it independently of the admission, defendants could not be permitted to reverse their position and introduce testimony to deny the agency which they had expressly admitted. Defendants' admission in this case because of their faulty pleadings is just as binding as if it had been made directly. Furthermore, if plaintiffs had not introduced testimony to prove the agency, we may be quite sure that counsel for defendants would have vigorously sought to defeat judgment against their client on the ground that no proof had been made of the agency as alleged in the petition.

The question as to whether the introduction of testimony by the plaintiff to prove a fact which the defendant has admitted in his pleadings should be construed as a waiver of the admission by the plaintiff arose in the case of Jones v. Morehead, 1 Wall. (68 U. S.) 155, 165, 17 L. Ed. 662, and was disposed of in the following language: "An effort has been made by counsel to show that this admission has been waived, by the act of plaintiffs, in going into the proofs, and otherwise treating it as an open question. But this would violate a principle of universal application, both in proceedings at common law and in chancery, to wit, that the proofs must correspond with the allegations. It would be subversive of all sound practice, and tend largely to defeat the ends of justice, if the court should refuse to accept a fact as settled, which is distinctly alleged in the bill, and admitted in the answer. Crocket v. Lee, 7 Wheat. 522 [5 L. Ed. 513]."

■ We therefore hold that defendants have admitted the agency of Rosa Robinson in setting up their special defense that the accident was the result of plaintiffs' own negligence, without pleading this in the alternative. It is true that in the latter part of paragraph 6 of defendants' answer they pleaded contributory negligence in the alternative. But the trial judge in his written opinion correctly states: "It is very clear that defendants' plea of contributory negligence is pleaded in the alternative to the plea of negligence on the part of Rosa Robinson, and not to the defense of lack of agency and/or employment first urged by defendants."

■ Since we hold as we do that the pleadings of the defendants must be construed as an admission of the agency of Rosa Robinson, it is unnecessary to discuss the testimony introduced on that subject. We will say, however, in passing, that we have examined the testimony very carefully on that point and find that the agency of the Robinson woman was satisfactorily proved. Plaintiffs had to rely on the testimony of the defendants and their employees to make this proof, and naturally they could not produce as satisfactory evidence as they could have done if they could have found disinterested witnesses who were familiar with the facts of the case. One of the strongest circumstances corroborating the admission of agency of this woman by the defendants is this: Rosa Robinson was living with Bud Robinson as his wife at the time of this collision, though she was not legally married to him. Bud Robinson at that time was shown to have been one of the foremen in charge of men working for defendants. At the time of the trial these two were not living together, but Bud Robinson was still working for the defendants and was actually present in the courtroom, and Rosa Robinson was living in one of defendants' camps near. Before the trial, defendants filed an application or motion to force the plaintiffs to give security for court costs. The reason advanced was that it would be necessary for defendants to take the testimony of Bud and Rosa Robinson by commission and that for that purpose it would be necessary for them to advance the cost of taking the testimony. This testimony was never taken by commission, and, even though Bud Robinson was in the courtroom during the trial and Rosa Robinson was near by in one of defendants' camps, neither of them were called as witnesses. The presumption is that their testimony would have been unfavorable and that the disputed agency would have been confirmed by them. Of course if they had been tendered as witnesses the plaintiffs would have objected to their giving any testimony to deny the agency, but under the ruling of the court the objection would have been overruled. Counsel for defendants seek to avoid the legal effect of their pleadings which makes their special defense of negligence an admission of the agency of Rosa Robinson in the following language:

"Parties cannot be heard to say in one breath that a thing is not so and in the next that it is so. Is there anything contradictory in Harvey & Jones saying 'that Rosa Robinson was not working for and was not carrying any time sheets for us, and in event plaintiffs are not entitled to recover because the accident was their own fault.' Both con-

ditions could be true. That is Rosa Robinson *not an employee of defendants and Rosa Robinson not at fault.* Because defendants after denying specifically that Rosa Robinson was in their employ for them then to say the *accident was the fault of plaintiffs* could not be any admission that Rosa Robinson was Harvey & Jones employee. There is nothing contradictory in the allegations and there is no admission by the plea of negligence that Rosa was employed by defendants. Plaintiffs say that if Rosa was not our employee then it was no concern of defendants as to how the accident happened. If that is true then that part of the answer was not responsive and could have been stricken out."

The answer to that argument is that the defense should have been pleaded in the alternative. If this woman was not the agent of the defendants and was performing no service for them at the time of the collision, then defendants can have no interest in making any defense for her. The very fact that defendants do seek to justify her in her conduct and to defend her from the charge of negligence would indicate an interest in establishing this defense. Furthermore, when the woman was prosecuted criminally on account of the collision, the defendants came to her rescue and provided bail for her.

The only remaining question to be determined is the question as to whether the accident was the result of the carelessness and negligence of the plaintiffs. In passing on this question, the trial judge said that it was very clear from the testimony that the collision was due solely to the fault and negligence of Rosa Robinson and that plaintiffs were free from any and all negligence. He states that: "The negligence of Rosa Robinson was next to criminal, while on the other hand plaintiffs did all that could be done apparently to avoid the accident." As a matter of fact, the trial judge states further that Rosa Robinson was prosecuted, convicted, and sentenced for driving her automobile on the occasion of the collision in a careless, negligent, and reckless manner, in violation of the state law governing the operation of automobiles on public highways.

Plaintiff Wardlaw had every right to believe that Rosa Robinson would stop when she reached the highway, or that, if she did come upon it without stopping, she would either turn to the right or go south and not come on plaintiffs' side of the road at all, or that, if she turned to the north and eventually did get on their side of the road, she would do it carefully and cautiously by dropping in behind plaintiffs' car. Plaintiff Wardlaw did all he could to avoid the accident after he saw that it was imminent. He had hardly a second in which to act. He turned as far to the right edge of the road as possible and endeavored to get ahead of her. In this he was unsuccessful. The woman came upon the embankment with such rushing speed that she neither turned to the right nor to the left, but went across the road at right angles and struck plaintiffs' car broadside. If plaintiffs' car had not been there to stop her, she would have gone straight across the highway and would have landed on the other side of the embankment where there was no road leading off. The very manner in which she thus came upon the highway shows negligence in itself, and no corroborating testimony is needed. But there were several eyewitnesses to the collision who testified at the trial, and the only conclusion that can be reached based on their testimony is that the plaintiff Wardlaw was free from negligence and that the collision was due to the sole negligence of the woman.

Plaintiffs sue for $5,522.25, which is itemized as follows:

James C. Wardlaw:

| | |
|---|---:|
| For expense of repairing their automobile | $272.25 |
| For physicians' and surgeons' bills | 250.00 |
| **Total for Wardlaw** | **$522.25** |

Mrs. Velma Stark Wardlaw:

| | |
|---|---:|
| For injuries to nervous system | $1,500.00 |
| For injuries to digestive organs | 1,000.00 |
| For physical pain and suffering | 2,500.00 |
| **Total for Mrs. Wardlaw** | **$5,000.00** |
| Total for both petitioners | $5,522.25. |

Mrs. Wardlaw was sitting by the side of her husband, who was driving. When the Ford car driven by the Robinson woman struck plaintiffs' Franklin sedan broadside on the left or driver's side, the force of the impact broke the left rear wheel down and hurled Mrs. Wardlaw out of the car through the right front door. She evidently was considerably frightened. Her body was bruised to some extent, and no doubt she must have suffered pain at the time. One of her fingers was hurt so that at the time of the trial on November 14, 1930, she was still suffering some inconvenience from it. Immediately after the accident, on May 31, 1930, she was carried into Jonesboro, where she was examined by Dr. Blume. Her injuries must not have been serious, for no treatment of any kind was administered or prescribed. She returned to her home in Shreveport, but did not call a physician until during the early part of August. Dr. Leroy Scott, who treated her, testified that her finger injury is likely to be permanent, but even at that we cannot gather from his testimony just the extent

of the injury. Her arm was hurt some, but the doctor did not attach much importance to it. There is some testimony to the effect that since and on account of the accident she is more nervous and excitable than she was before, but we do not find from Dr. Scott's testimony that this is serious. In fact in his testimony he seems unwilling to say anything as to the exact extent and nature of any nervous affection caused by the accident. We think a judgment for $500 will be ample compensation for the pain and suffering. As for the items asked for on account of damages to plaintiffs' car and doctors' bills for service rendered to Mrs. Wardlaw, we do not find these amounts seriously contested.

For the reasons assigned, the judgment appealed from is reversed and annulled, and it is now ordered, adjudged, and decreed that there be judgment herein against the partnership, Harvey & Jones, Henry E. Harvey and Andrew D. Jones, in solido, in favor of the plaintiff James C. Wardlaw, for the sum of $522.25 as prayed for, with 5 per cent. interest from September 19, 1930, and in favor of the plaintiff Mrs. Velma Stark Wardlaw for the sum of $500, with 5 per cent. interest from September 19, 1930; the defendants to pay all the costs of both courts.