## BENNETT v. THOMPSON.*
### No. 4431.

Court of Appeal of Louisiana. Second
Circuit.

Feb. 6, 1933.

Joel L. Fletcher, of Colfax, for appellant.

John A. Williams and James. H. Williams, both of Colfax, for appellee.

MILLS, J.

Plaintiff brings this suit to recover damages for personal injuries sustained in an automobile accident at Colfax, La., January 1, 1932.

She alleges that she was a passenger in a car driven by Dr. Woodall, which was carelessly and negligently backed into by a truck belonging to defendant, driven by Thurman Duckworth, an employee of defendant, on business of defendant.

Answering, defendant specifically denies that Duckworth was driving the car with his knowledge or consent or within the scope of employment. Then, without pleading in the alternative, he avers that Dr. Woodall was not in condition to drive the car in which she was riding to her knowledge, and that she therefore assumed the risk of riding with him, that Woodall was guilty of the grossest negligence in the manner in which he drove the car, and that the accident was wholly caused and contributed to by the negligence of the plaintiff and of Dr. Woodall.

The suit was dismissed in the lower court on the ground that Duckworth was not acting within the scope of his employment at the time of the accident.

Plaintiff now contends that the assertion in the answer of the special defense of plaintiff's negligence constitutes an admission that the automobile was driven by defendant's employee within the scope of his authority, citing Adams v. Bell Motors, Inc., 9 La. App. 441, 121 So. 345. This case squarely holds that the setting up in the answer of the special defense of plaintiff's negligence otherwise than in the alternative, despite the specific denial of agency or scope of employment or authority, is an admission by defendant that Duckworth was under his control and that the driver was acting within the scope of his employment.

The above case is thoroughly reviewed, considered, and approved in Wardlaw et ux. v. Harvey & Jones (La. App.) 138 So. 892. This case goes further in holding that the introduction of testimony by plaintiff to prove authority which defendant has admitted cannot be construed as a waiver of the admission.

In the present case, plaintiff not only called defendant on cross-examination for no other purpose than to prove authority, and offered other witnesses to the same effect, but failed entirely to object to the testimony of defendant's witnesses that Duckworth was not driving the truck within the scope of his employment. In a motion for a new trial, making no complaint as to the admission of this testimony, she bases her application on the discovery of new witnesses to prove authority. In this case the admission is not express, being only by implication.

We think the admission of the testimony of defendant's witnesses on the question of authority, without objection, contradictory to and destructive of the implied admission, amounts to a waiver of the admission, and leaves the question of authority to be passed upon on the merits by the court.

The facts are that Duckworth was employed by defendant as a clerk in defendant's grocery store to wait on customers and run the checking stand; that defendant occasionally permitted Duckworth to use the truck on Sundays or at nights to visit his girl; that he has never given permission to Duckworth to use the truck otherwise. He was not at his store when Duckworth took the truck on this occasion, and had no knowledge of it until after the accident happened. Dr. Woodall testified that the Duckworth boy at the time of the accident said he had some groceries to deliver and was in a hurry. This is, however, contrary to proven facts in the case.

W. J. Arrington testifies that he has seen Duckworth driving defendant's truck, but does not know when it was, and cannot recall that the truck was making deliveries at the time he saw him driving it.

*Rehearing denied March 10, 1933.

Mrs. John O'Quinn says that she has seen the truck at Duckworth's residence at the noon hour.

Ernest Strange, a filling station operator, states that he saw Duckworth drive the car once; that he was not driving for Thompson, but to call on a girl.

Clarence Creed, testifying for plaintiff, says that Duckworth was driving the truck at the time of the accident; that he had come to the Colfax Motor Company to get a battery for use on Duckworth's radio.

Mrs. Bennett says she has seen Duckworth in the truck several times, but does not know if he was making deliveries.

Defendant's witnesses fully support his testimony that Duckworth was employed by Thompson to wait on customers and take care of the checking stand; that driving the truck was not part of his duties, and was beyond his authority; that Crockett Defoe, a younger boy, was employed to run the truck and make deliveries; that at the time of the accident, without the knowledge or consent of defendant, and contrary to his positive instructions, Duckworth had taken the truck to go to the Colfax Motor Company to get a battery of his own which was being charged; that he was anxious to get his battery in order to hear a League of Nations broadcast which was on at the time.

The learned district judge, in a well-considered written opinion, holds:

"The evidence shows that Duckworth was hired by Thompson and that his principal duties were as clerk in the grocery store and to attend to the checking counter and cash register. The evidence further shows that a boy by the name of Crockett Defoe was the regular delivery boy who operated the truck for the purpose of delivering groceries.

"The evidence shows that Duckworth had, with the consent of Thompson, on some occasions used this truck to visit his girl in Colfax and for his private purposes occasionally, but the evidence is to the effect that he was not authorized to use this truck promiscuously, or at his will, and that at the time of the accident Mr. Thompson was temporarily absent from his store and that Thurman Duckworth, without his authority, without the knowledge or consent of his master, got in the truck and went to the place of business of the Colfax Motor Company, where he had a battery being charged, and which battery was used by him in his radio. That he called at the said Motor Company to see about the battery and the same was not ready for delivery at the time and it was then, in backing out from the said Motor Company's place of business, that he backed diagonally across the highway in the path of Woodall's car. The evidence shows that it was Duckworth's purpose at the moment to return the truck to the place of business of Mr. Thompson, and it is conclusively shown that he was not engaged at the time on any mission for his master. He was not delivering groceries for his master, nor is there any evidence whatever in the record to show that Duckworth ever did use the truck for the purpose of delivering groceries."

We agree fully with the above opinion, and affirm the judgment of the lower court rejecting plaintiff's demand at her cost.