## CRYSEL v. GIFFORD–HILL & CO., Inc.

### HARDY v. SAME.

### Nos. 4668, 4669.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

Thornton, Gist & Richey, of Alexandria, and Spearing & McClendon, of New Orleans, for appellant.

Polk & Robinson, of Alexandria, for appellees.

TALIAFERRO, Judge.

These consolidated suits were instituted by Gaffney Crysel and J. E. Hardy, respectively. Crysel, accompanied by Hardy and two other men, while driving his Ford car southerly on the concrete highway near the Village of Lena in Rapides parish, before daylight, November 11, 1931, collided with a truck, going north, alleged to have been owned by defendant and operated by its agent or employee, who, at the time, it is also alleged, was on a mission for the employer and acting within the scope of his employment. Both plaintiffs were seriously injured. They sue for damages for these injuries. Crysel also sues for damages done his car.

Crysel alleges that he was driving slowly and carefully on his proper side of the highway, keeping a proper lookout, and observing all needful precautions for his and his companions' safety; and when, within 400 yards from Lena, his car was suddenly and without warning run into and struck by defendant's truck; that said truck was, at the time, being driven in a careless, reckless, and imprudent manner, without lights, at a dangerous and excessive rate of speed of from 40 to 45 miles per hour, on its left (wrong) side of the highway; and that the driver thereof could not stop the truck within the scope of his view, and was not keeping a proper lookout for traffic.

The allegations of the petition of Hardy are practically identical with those of Crysel's petition, the only difference between them arising from Hardy's status as a guest of Crysel, and not operating, nor having any control over the operation of, the car in which they were riding when injured.

Defendant's answer to both suits is couched in the same language. Both are general denials of the allegations of fact upon which

plaintiffs base their hopes for recovery. In addition to the general denial, defendant denies that the truck which collided with Crysel's car was owned or controlled by it, and specially denies that it was being operated by its agent or employee when the collision occurred. Contributory negligence on part of Crysel in operation of his car is pleaded in the alternative.

Defendant further alleges that the truck which collided with the Crysel car was owned by one Mose Whitehead and was being driven by one of Whitehead's employees when the accident happened; that Whitehead was performing work on said highway under subcontract with defendant. His status was that of an independent contractor, if the allegations of fact in the answers are correct.

There was judgment for both plaintiffs, and defendant appealed therefrom.

In the lower court all evidence offered by defendant in support of its denial that the offending truck was operated by its agent or employee, but by an employee of Mose Whitehead, the alleged owner thereof, was, on objection of plaintiffs' counsel, excluded. The objection was sustained on the ground that the special plea of contributory negligence was not pleaded in the alternative to the denial of agency, but in the alternative to the charge of negligence on part of the driver of the truck, and, therefore, defendant admitted that the operator of said truck was its agent and employee and was acting within the scope of his employment. This ruling is based upon Wardlaw v. Harvey & Jones (La. App.) 138 So. 892; Adams v. Bell Motors, 9 La. App. 441, 121 So. 345.

To clearly present the situation on this point, arising from the pleadings, we are quoting defendant's answer to article 5 of plaintiffs' petitions wherein their lack of negligence is averred, and wherein the charge that the truck was being negligently operated by defendant's agent and employee in the scope of the employer's business, is made, viz.:

"Respondent denies the allegations of Article 5 of the petition.

"On the contrary, respondent alleges that the plaintiff was driving the automobile of which he had charge in a reckless, careless and negligent manner and at an excessive rate of speed. Respondent alleges that the said automobile was not properly equipped; it had no lights burning; even if they were capable of burning and respondent alleges that the plaintiff was on the wrong side of the road, and he was guilty of contributory negligence, which is specially pleaded in the alternative.

"Respondent denies that the truck into which the automobile being driven by plaintiff ran, through his negligence and carelessness, was owned by respondent or was being driven by one of respondent's agents or employees."

It will be noted that defendant, in the above-quoted article, first denies the allegations of paragraph 5 of plaintiffs' petitions. In effect this was a denial that the operator of the truck was their agent or employee, and, in addition, was a denial that the collision resulted from any negligence on the part of such driver. Then follow several specific allegations of negligence on part of Crysel in the operation of his car, and the concluding averment is that "he was guilty of contributory negligence, which is specially pleaded in the alternative."

▇▇ It is argued by plaintiffs that this special plea is inconsistent with the denial of agency and that as the pleadings stand the denial of agency was waived thereby. Defendant takes issue with the soundness of this position by saying that traverses and defenses in avoidance may be urged together when they are not inconsistent, which is to say, that such may be done if proof of the one defense does not necessarily disprove the other.

It is true that in the Wardlaw Case the position taken by plaintiffs in the present case was upheld, but further consideration of the question convinces us that that decision is not sound in law or logic. That case was largely predicated upon the Adams Case, supra, but the pleadings in the two cases were different. In the Adams Case a reconventional demand, not well pleaded, was involved. It was held in that case that by reconvening and praying for damages to the car, occasioned by the collision with the car of plaintiff on account of negligence of plaintiff, that defendant thereby admitted that the automobile, alleged by plaintiff to be in defendant's possession and control, was in fact in its possession and control when the collision occurred; and, further, that defendant thereby admitted that one Tripp, operator of the car at the time, was acting within the scope of his authority, and, therefore, plaintiff was relieved from proving these facts. Necessarily, when defendant took the position that he was entitled to recover the damages done to the car operated by Tripp, that presupposed a right in him to make recovery, based upon ownership or possession for another; but, we do not think it necessarily follows that such a constructive admission can be extended to include the question of agency or the operation of the car by the agent, at time of accident, within the scope of his authority. A person may steal or borrow a car, and, while operating it, it may be damaged by the negligence of another. The owner may sue for the damage done, but in doing so he certainly does not admit that the car's driver was his agent or performing service for him.

We are unable to see any inconsistency or

contradiction in the two defenses to a suit for damages arising from a collision between motor vehicles, viz.: (1) That of denial of agency of the operator of defendant's car, and (2) that of contributory negligence on part of plaintiff. Every defense to which such a suit is susceptible may be availed of by the defendant in his effort to escape being held for damages. When these two defenses are advanced, the defendant simply says: I am not liable because the driver of the car was not my agent, and, in addition, whether he was my agent or not, your own negligence contributed to the accident to such extent as to prevent recovery by you.

It might be argued that, if the defense of nonagency is well founded, that that alone would relieve defendant from liability without resort to other defenses, and that he has no interest in urging plaintiff's negligence in bar of his right to recover, but a defendant may not always know, as a matter of law, whether the person whose negligence causes an accident is his agent or not, and he has the right to advance other defenses, if such exist.

Affirmative defenses, and special pleas, should be pleaded in the alternative, but where responsibility for injury is charged against one alleged to have been the agent or employee of the defendant and that allegation is denied by defendant, such is not an affirmative defense, nor a special plea. The denial is of a fact and plaintiff is required to establish the fact of agency as he is any other fact material to his suit.

Our brothers of the First Circuit, in Burnett v. Cockrill et al. (La. App.) 145 So. 398, considered and discussed at length the identical question we are now dealing with, and they held as follows: "That defendant, in answering allegations of petition, denied driver was its agent, and without pleading in alternative denied he was negligent, held not waiver of agency denial which would entitle plaintiffs to judgment without proof."

In passing on the question that court had this to say of the Wardlaw Case:

"In the Wardlaw Case also, after denying agency, the defendants, without pleading in the alternative, alleged that the accident was due solely to the negligence of the plaintiffs, and that if it should be found that it was not, that it was then the result of their contributory negligence. In addition thereto, the special plea was made that the plaintiffs had the last clear chance to avoid the accident. If, by its ruling, the court meant that because these were special or affirmative defenses, they should have been pleaded in the alternative, and that is the way we so construe it, we are in accord therewith and do not find that it has application here where the defendant was merely answering categorically the numbered articles of plaintiff's petition

in the order in which they came. In that case, a writ of review was applied for to the Supreme Court which was denied. The remarks of the court in refusing the writ appear to us a bit significant:

" 'If the Court of Appeal was in error in construing the answer as an admission of agency, "says the Court" the error was harmless since it found that the agency was established by evidence beyond the admission.

" 'On the facts found by the Court the judgment is correct.' "

The question was to some extent covered in our opinion in James v. J. S. Williams & Son, Inc., 143 So. 84, 85, and that decision does not unqualifiedly approve the holding in the Wardlaw Case.

We think the evidence tendered by defendant in support of its denial that plaintiffs were injured by a truck operated by its agent or employee, within the scope of his employment, was improperly excluded by the trial judge. The case will be remanded for the purpose of receiving evidence of both sides on this question.

For the reasons assigned, the judgments appealed from are hereby annulled, avoided, and reversed; and these cases are remanded to the lower court for further proceedings and for the purpose herein stated. Costs of appeal are assessed against plaintiffs; all other costs to await final decrees in the cases.