## MIDDLETON et ux. v. HUMBLE.*
### No. 4789.

Court of Appeal of Louisiana. Second Circuit.

May 4, 1934.

Munholland & Munholland, of Monroe, for appellant.

Madison, Madison & Fuller, of Monroe, for appellees.

TALIAFERRO, Judge.

Defendant's Ford coupé, while being operated by a colored man by the name of J. D. McIntosh, the evening of September 23, 1932, ran into and fatally injured William Lee Middleton, the 7 year old son of plaintiffs, in the village of Mangham, La. Plaintiffs, alleging that deceased was their son, instituted this suit against defendant, W. D. Humble alone to recover damages for the death of the son, and averred that said McIntosh, when the tragedy occurred, was in his employ; that he was then acting within the scope of the duties of his employment, and said car was being driven on and in furtherance of the business of the employer. It is further alleged that the accident was directly due to the negligence and lack of care of the driver of said coupé, in that he was traveling at an excessive and unlawful rate of speed, viz. over 45 miles per hour; that he was neither watching the road ahead nor paying attention to the car; that he was looking to one side or to the rear; and because of these acts of carelessness and negligence the child was run into and killed.

Defendant's answer, before it begins to answer the petition articulately, denies all and singly the allegations of the petition except such as are admitted. He admits he is a resident of Richland parish, La., and that he owned the coupé that McIntosh was driving when the accident happened. In all other respects the allegations of fact of the petition are denied categorically and articulately by the answer.

Defendant specially denied that the child was injured because of any negligence or carelessness on part of the operator of his car, and affirmatively alleged that the accident was entirely due to the active negligence of the child in suddenly running across the street and into the path of travel of the car in such way and manner that a collision was inevitable, coupled with the negligence of its parents by allowing the child to play in the street, unattended, where, to their knowledge, vehicular traffic was heavy.

There was judgment for plaintiffs, and defendant appealed.

■ Before defendant can be held responsible for the negligence of the driver of his car, it must be established that such driver was not only in his employ at the time, but was then engaged in performing the duties of his employment. The fact that he was operating defendant's car does not prove that he was his agent or in his employ, nor does it

*Rehearing denied June 4, 1934.

prove that he was performing duties for the employer, even if such relation existed between them. James v. J. S. Williams & Son, Inc., 177 La. 1033, 150 So. 9; Tarleton-Gaspard v. Malochee et al., 16 La. App. 527, 133 So. 409.

■ Plaintiffs' position below was that, as defendant, while denying agency, did not plead negligence of plaintiffs and their son in the alternative to his denial of agency, he thereby waived denial of agency, and no proof was necessary on their part to prove such agency. This position was taken by plaintiffs and sustained by the lower court on authority of Adams v. Bell Motors, 9 La. App. 441, 121 So. 345; Wardlaw v. Harvey & Jones (La. App.) 138 So. 892.

When this case was tried, the case of Crysel v. Gifford-Hill & Co., Inc. (La. App.) 151 So. 674, which overruled the doctrine announced in the two cases cited, had not been decided by us. Relying upon these decisions, plaintiffs offered no proof to establish that the driver of the car was the agent or the employee of defendant, and the lower court required none to hold that this relation existed. Defendant offered the testimony of himself and of a negro woman to whom he contends he had loaned the car to go to see her physician, when the accident occurred, in support of his denial of agency. Neither was cross-examined by plaintiffs' counsel. The situation being as stated, we think it but fair and just to plaintiffs to withhold a decision on the merits of the case for the present, and remand it to the lower court for the purpose of allowing both sides to introduce testimony on the issue of agency and employment herein discussed.

In this court, for the first time, defendant contends and argues that plaintiffs have not alleged nor proven that they were lawfully married, and, this being a condition precedent to recovery of damages for the negligent death of their son, they cannot succeed herein. The only reference made in the petition to plaintiffs' marital relations is that in the caption preceding article 1, wherein Mrs. Grace Middleton is referred to as the wife of James H. Middleton. The deceased is referred to as their son. In defendant's answer he says that he has been informed "that the minor son of plaintiffs was struck and fatally injured," etc. In their testimony both plaintiffs refer to deceased as their son.

■ It has been repeatedly held that, where the right to recover hinges on a contract of marriage, and the existence of the marriage is alleged by plaintiff but denied by defendant,

and no proof is introduced on the issue, no recovery can be had; the fact of marriage being a material and essential basis for recovery. McConnell v. City of New Orleans, 15 La. Ann. 410; Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L. R. A. (N. S.) 480, 118 Am. St. Rep. 391, 10 Ann. Cas. 807; Doiron v. Vacuum Oil Co., 164 La. 15, 113 So. 748; Succession of Young, 166 La. 285, 117 So. 150; Spillman v. Tex. & Pac. Ry. Co., 17 La. App. 473, 135 So. 66; Brown v. Tex. & Pac. Ry. Co., 18 La. App. 656, 138 So. 221.

■ However, as held in these cases, it must clearly appear that the existence of the marriage and the legitimacy of the child through whom the alleged parents are asserting rights, are challenged by specific denial. The issue must be raised by affirmation on the one side and denial on the other.

■ The fact that a man refers to a woman as his wife carries with it a strong inference and implication that she is a legal wife; and the same may be said of the father's and mother's reference to a boy as being their son. Certainly a pleading containing such references, as appears in the present case cannot be misunderstood; and, in such a case, if it is defendant's purpose to raise such issues, he should do so in no unmistakable manner so that plaintiff may prepare to meet the issue raised.

■ It is true, as argued by counsel, that there is a general denial of all allegations of the petition excepting those specially admitted, but we do not think this denial served the purpose counsel contends for. The Pleading and Practice Act (No. 157 of 1912), as amended, requires defendant to admit or deny specifically each material allegation of fact contained in the petition; all material allegations of fact contained in the petition which are not denied in the answer shall be deemed to be admitted. A general denial of the allegations of a petition is abortive under this act. In the present case the incorporation of such in the answer did not have the effect of denying that plaintiffs were lawful husband and wife, nor that deceased was their legitimate offspring; and, there being no specific denial of such allegations, they are deemed admitted.

For the reasons assigned, this case is remanded to the lower court for the purpose of allowing both sides to offer and introduce evidence relevant to the issue of agency herein discussed. Costs of this appeal are to be paid in equal proportions by both sides.