### ROY v. HOULIHAN et al.

No. 1870.

Court of Appeal of Louisiana. First Circuit.

June 30, 1938.

Hawkins & Tritico of Lake Charles, for appellant.

Pujo, Hardin & Porter, of Lake Charles, for appellees.

DORE, Judge.

This suit is for $1,185.45 which plaintiff claims as damages to his automobile, loss of its use, storage and wrecker service. He alleges that he loaned his car to one Eustis Guillory at about 9:30 o'clock on the night of May 27, 1937; that about an hour thereafter, while the said automobile was being driven on the Old Spanish Trail some two miles west of Lake Charles, the car was struck on the left front wheel and fender by a trailer attached to a car owned by Harry Allsman and being driven by Houlihan as his agent and employee.

The negligence charged to Houlihan is that he was driving the car and trailer at a rapid rate of speed around a curve; that he failed to keep the car and trailer on the right side of the road; that just as the trailer came opposite the plaintiff's car being driven by Guillory on the right side of the road in an opposite direction and at a moderate rate of speed, the trailer swerved over on its left side of the road, across the black line, and struck plaintiff's car on the left wheel and fender causing it to pull to the left and go over the guard rail on the left side of the road, thereby demolishing the car.

Plaintiff made Houlihan and Allsman defendants and prayed for a judgment in solido. The defendant Houlihan made no appearance. Defendant Allsman answered, admitting the employment of Houlihan but denying the ownership of the car and trailer and denying that Houlihan was performing services as an agent or employee and that the said Houlihan was acting in the scope of his employment at the time of the accident. The case went to trial only as against defendant Allsman and resulted in a judgment in favor of defendant rejecting plaintiff's demand. From this judgment, plaintiff has appealed.

After a careful review of the record, we are satisfied that the trial judge correctly found that the collision was caused by the negligence of Houlihan in permitting the trailer attached to the car he was driving to swerve over into the left side of the road and strike plaintiff's car, which was being driven in a proper manner on its right side of the road, and also that plaintiff had proved damages in the sum of $363.95. These facts are seriously disputed in this court and we see no useful purpose in discussing the testimony relative thereto or the reasons therefor.

But the trial judge held that plaintiff had failed to prove that the car and trailer driven by Houlihan belonged to Allsman, and had failed to prove that Houlihan was at the time of the accident acting within the scope of his employment as an agent and employee of Allsman. These facts and findings of the lower court are the sole "bone" of contention in this court.

There is no testimony in the record to show that the automobile and trailer operated by Houlihan belonged to Allsman, although this allegation of ownership is specifically denied by Allsman in his answer. Of course, it is not necessary to prove that the car and trailer belonged to Allsman in order to hold him for the negligence of Houlihan in their operation if at the time of the accident Houlihan was in the employ of Allsman and was, then on a mission for and in behalf of his employer. Such proof of ownership would merely tend to strengthen the allegation that Houlihan was at the time engaged in his master's business.

The only evidence to show that Houlihan was acting as the agent of Allsman at the time of the accident and was then on a mission for his employer is a statement made by Houlihan to a witness shortly after the accident to the effect that he was going to get in touch with his employer, but the witness could not give the name of the employer that Houlihan mentioned; and that Houlihan stated that he would be in Jennings the following day. This mere statement by Houlihan and the admission by Allsman that Houlihan was an employee do not prove that at the time of the accident he was acting within the scope of his employment, or that he was then engaged on a mission for Allsman. This is a necessary part of the proof, even though plaintiff had shown that the car and trailer belonged to Allsman. C.C. art. 2320; James et al. v. Williams & Son, Inc., 177 La. 1033, 150 So. 9; Middleton et ux. v. Humble, La. App., 154 So. 400.

The plaintiff, having failed to prove that Houlihan was, at the time of the accident, acting within the scope of his employment or engaged on a mission for Allsman, the judgment dismissing his suit is correct and is affirmed.