On June 20th, 1940, at about 8 p.m., Mrs. Almita Nunez Kruckeberg and her minor son, Edgar William Kruckeberg, were struck by an automobile owned and operated by Anthony J. Sciambra, while they were walking across the Lakeside Roadway of South Carrollton Avenue at its intersection with Ulloa Street in the city of New Orleans. Mrs. Kruckeberg died as a result of the accident and her minor child received personal injuries.
Charging that the death of his wife and the injuries to his minor child were caused solely as the result of the negligence of the owner and operator of the automobile, plaintiff, Edward W. Kruckeberg, brought this suit, individually as surviving spouse, and on behalf of his minor children, Edgar, Frederick and Grace Kruckeberg as their duly qualified natural tutor, to recover damages for the death of Mrs. Kruckeberg and also, on behalf of his child, Edgar, to recover for the personal injuries sustained by the minor. He joined, as defendants to the suit, Sciambra, the owner and operator of the offending vehicle, and the Great Atlantic Pacific Tea Company, alleging that the latter was the employer of Sciambra, and that Sciambra was engaged on a mission for its benefit at the time of the accident and was acting within the course and scope of his duties.
The defendants filed separate answers. Sciambra, while admitting the accident, denied that it was attributable to his fault and, in the alternative, pleaded contributory negligence on the part of plaintiff's wife and minor child. The Great Atlantic Pacific Tea Company admitted that Sciambra was employed by it, but denied that he was acting within the course and scope of his duties when the accident happened. It also denied that Sciambra was to blame in any respect and, pleading in the alternative, it set forth that recovery should be barred in any event because of the contributory negligence of the decedent and her minor child. In addition, it specially pleaded that Sciambra had never, to its knowledge or with its permission, used an automobile within the course and scope of his employment; that it was without knowledge of the fact that Sciambra owned an automobile or intended to use it on the night of the accident or at any other time while engaged in his work for it; that Sciambra's duties were limited to those of a butcher in a retail grocery and meat store and that his work during his hours of employment was confined to the premises of the store where he was employed.
After a trial on the merits of the case, the district court granted judgment in favor of plaintiff and against the defendant, Sciambra, for damages totaling the sum of $5,057.45. The suit was, however, dismissed as to the Great Atlantic Pacific Tea Company; the judge evidently being of the opinion that Sciambra was not acting within the course and scope of his employment at the time of the accident.
Plaintiff has appealed from the judgment, claiming that the judge erred in dismissing his suit against the Tea Company and also that the judgment given against Sciambra is inadequate. Sciambra did not appeal and we are, therefore, not concerned with his liability.
Plaintiff's main complaint is with respect to the judge's action in dismissing his suit against the Tea Company. At the outset, we notice that his counsel have raised a technical question by which they hope to have the defense of the Tea Company, that Sciambra was not acting within the course and scope of his employment, eliminated from consideration. The point is that, since the Tea Company pleaded that plaintiff's wife and minor child were guilty of contributory negligence and thereafter pleaded that Sciambra was not acting in the course and scope of his employment, it cannot now be heard to contend that the latter plea has been established by the evidence because that special defense was not pleaded in the alternative. In support *Page 749 
of this proposition, counsel rely upon the cases of Adams v. Bell Motors, 9 La.App. 441, 121 So. 345, and Wardlaw v. Harvey 
Jones, La.App., 138 So. 892, decided by the Court of Appeal for the Second Circuit.
We are unable to discover any merit in counsel's contention as we fail to see any inconsistency in the pleadings of the defendant Tea Company. Plaintiff alleged that the Tea Company was responsible to him for the reason that Sciambra was its employee and was acting within the course and scope of his duties at the time of the accident. This allegation was denied in the Tea Company's answer. And, for further answer, it pleaded, in the alternative, that plaintiff's wife and child were guilty of contributory negligence. Then it set forth that it was not responsible to plaintiff for the additional reason that Sciambra was engaged by it as a butcher and that his employment did not contemplate the use by him of an automobile. It was perfectly consistent for the Tea Company to rely on this defense and also require plaintiff to prove Sciambra's negligence. The only inconsistent defense which had to be pleaded in the alternative in order to avoid an admission of Sciambra's negligence and legal responsibility for his act was the plea of contributory negligence. See Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717.
The cases of Adams v. Bell Motors and Wardlaw v. Harvey 
Jones, supra, cited by counsel for plaintiff in support of their contention, are clearly distinguishable on the ground that in neither of those matters did the defendants plead contributory negligence in the alternative. Moreover, we entertain considerable doubt as to the correctness of the views expressed in those cases and note the fact that, in Crysel v. Gifford-Hill Co., La.App., 151 So. 674 (a case where the pleadings are quite similar to those in the instant matter), the Court of Appeal for the Second Circuit specifically overruled its decision in the Wardlaw case.
We pass on, therefore, to a consideration of the main point in the case which concerns the liability of the defendant Tea Company for the alleged negligent act of Sciambra. The evidence is undisputed that Sciambra was employed by the Tea Company as a butcher in the company's store in Jefferson Parish; that his working hours were from 7 a.m. until 6 p.m.; that his duties were confined to the cutting and selling of meat to customers within the establishment and that it was neither necessary nor was it contemplated by the nature of his employment that he perform any work outside of the store. The automobile was owned by Sciambra and the Company did not contribute to its upkeep in any respect. On the evening of the accident, Sciambra left his home for the purpose of attending a regular meeting which was held by the company at stated intervals for the purpose of instructing its employees in the sale and cutting of meats. He was not required to attend these meetings, which were held for the joint benefit of the company and its employees and, when he did attend, the company was not interested in the means of transportation he used to go to the store where the meetings took place.
Under this state of facts, it seems plain to us that the defendant company is not responsible for the damages resulting to plaintiff from Sciambra's alleged negligent acts. Sciambra owned the automobile and the nature of his duties was such that the use of the car had nothing whatever to do with his employment.
Counsel for plaintiff however maintain that, notwithstanding the evidence to the contrary, Sciambra was compelled to attend the meetings held by the company; that, since he was required to do so, he was engaged on a mission pertaining to the company's business and that, therefore, it is liable for the consequence of his negligence while he was on his way to its store. And counsel say that this case is identical with the situation appearing in Gallaher v. Ricketts, La.App., 187 So. 351 and 191 So. 713, where this court held, on rehearing, that the Times-Picayune Publishing Company was not responsible for the negligent acts of its newspaper carrier, who ran over the plaintiff in his automobile while on his way to attend a "pep" meeting held at the company's offices. Of course, counsel proclaim that the decision in Gallaher v. Ricketts is incorrect and point to the fact that the Supreme Court granted a writ of review in that matter. (That court, however, did not pass on the case because it was compromised before it could be heard.)
The argument is untenable for a number of reasons. In the first place, we believe that the decision in Gallaher v. Ricketts is sound, in spite of the fact that the Supreme Court granted a writ of review. Moreover, even though we entertained doubt as to the correctness of our opinion in that *Page 750 
matter, the plaintiff could not prevail because there is a vast difference between the facts of that case and those appearing here. There, Ricketts was employed by the Times-Picayune as a newspaper carrier; he owned an automobile and it was contemplated by the company that, in view of the fact that his route covered a large territory, he would use his automobile for the purpose of delivering papers to the company's subscribers. Accordingly, the company allowed him $5 per week to cover the expense of operating his automobile for the deliveries made by him on his route. Ricketts was also required to attend "pep" meetings which were held at regular intervals at the company's offices and he ran over the plaintiff while using his car to go to one of these meetings. The question for decision there was whether, in view of the fact that the newspaper company authorized and contemplated the use of an automobile by Ricketts while he was delivering newspapers for it, it was responsible for his negligent acts while going to the company's offices to attend a "pep" meeting. We held (see 191 So. 713) that the company was not liable because its responsibility for the use of the automobile by Ricketts was confined to the delivery of newspapers to its subscribers; that, while the employment contemplated that Ricketts should attend the "pep" meetings, the company was not interested as to the means of transportation employed by him in attending the meetings and that the use of his automobile for this purpose was not a part of his employment but was for his own personal convenience. Many authorities were cited by us in support of our opinion, including Cado et al. v. Many, La.App., 180 So. 185; Marquez v. Le Blanc, La.App., 143 So. 108; Berry's Law of Automobiles, 7th E., Vol. IV, page 649; Corpus Juris, Vol. 42, § 868, page 1108 and 5 Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, § 3042.
The employment in the instant case bears but slight resemblance to that appearing in Gallaher v. Ricketts. Here, the employee was a butcher. The use of an automobile was neither contemplated nor was it necessary for the performance of the duties required by his work and, assuming, as plaintiff contends, that it was mandatory for Sciambra to be present at the meetings held at the company's main offices, his employer was not concerned with the means of transportation he used to attend such meetings. To hold the Tea Company responsible for the alleged negligent use by Sciambra of his automobile in going to the company's meeting would stretch the doctrine of respondeat superior to unreasonable lengths and would make it hazardous for anyone to hire a servant who drove an automobile, bicycle or other vehicle, for his own personal convenience, in going to or coming from the place where his work is done.
Insofar as the amount of the judgment of the district court against Sciambra is concerned, counsel for plaintiff apparently do not seriously contend that the award is inadequate in view of Sciambra's financial condition. The only reference to the award in counsel's brief is that the judge rendered a small judgment because he gave consideration to the fact that Sciambra is a poor man.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.