## LUTTEGEHARM v. PELICAN CRACKER FACTORY CO., Inc.
### No. 5003.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1935.

Hawthorn, Stafford & Pitts, of Alexandria, for appellant.

Polk & Robinson, of Alexandria, for appellee.

MILLS, Judge.

Plaintiff's automobile was run into by defendant's truck and damaged to such an extent that the cost of repairing it is estimated at $241.45. He sues to recover that amount

and, in addition, $3 for hauling in the wreck and $1 per day for seventy days, alleged to have been paid by him for transportation to and from his work.

There was judgment below for the repair item only, from which defendant has appealed.

As liability is admitted, the only questions submitted here are the basis of allowance and the quantum of damages. The amount allowed, we think, is proven as the sum required to restore the car to its condition at the time of the accident. Plaintiff, himself employed in repairing cars, so testifies and is supported by the hearsay testimony of another mechanic who made out the list.

Plaintiff contends the judgment is correct; defendant that recovery can only be had for the value of the car at the time it was demolished, which is claimed to be $100.

There is much argument and citation on the question of the basis of recovery. We think it is concluded by the following testimony of plaintiff himself, given on cross-examination:

"Q. Isn't it a fact that that old wreck that lays out at your house is absolutely beyond repair? A. It is now. Yes, sir."

Being uncontradicted, it is apparent that the car will never be repaired and that the judgment, if affirmed, will, so far as it exceeds the value of the car, represent a clear cash profit on the transaction. In such a situation all that can be recovered is the value of the car. Under article 2315 of the Civil Code, one at fault is only obliged to repair the actual damage that he has caused.

The car is a Viking coupé, 1929 or 1930 model. Its manufacture was discontinued in the latter year. It was purchased fifty days before the collision for $100, wholly on credit. The only testimony tending to show that it was worth more or less than this sum is that of plaintiff, wholly unsupported, that he expended $300 on the car between the date of purchase and that of the accident, doing the actual labor himself. It is inconceivable to us that a man making not more than $16 per week, and who brings his suit in forma pauperis, unable to make a cash payment on his purchase, should expend $300 in rehabilitating a car that had been obsolete for more than four years. Having any such sum at his disposal, we are satisfied that an experienced automobile worker would have purchased a better car of a current model. Our faith in this uncorroborated statement is further shaken by the utterly incredible assertions made by plaintiff in attempted substantiation of his claim for transportation. The only other proof of value being the purchase price, we are of the opinion that the judgment should be reduced to $100.

For the reasons above assigned, the judgment appealed from is amended by reducing its amount from $241.45 to $100, and, as amended, it is affirmed; the cost of appeal to be paid by plaintiff.