McBRIDE, Judge.
On August 23, 1950, plaintiff’s automobile, while parked, was run into and extensively damaged by an automobile owned and operated by defendant. Plaintiff sued for and recovered the amount of the estimated damages, $737.95, plus towage and storage charges; defendant has appealed.
Appellant admits his negligence, and the only question presented by the appeal is: May the -owner of a damaged automobile, which was not repaired, recover from the tort feasor the estimated cost of the repairs, which exceeds the value of the automobile?
A few days after the collision plaintiff had an appraisal made of the damage, and the amount of the repairs was estimated, at, $737.95.
*277 The automobile, a 1941 2-door Plymouth sedan, had been purchased by plaintiff in August, 1949, for $675. The speedometer showed that at the time of the collision it had been driven about 65,000 miles. While the car, according to: appellee, operated satisfactorily, the testimony shows that because of its age it was in a rusty condition and in need of a paint job. The floors of the trunk and body were rotted out. We are satisfied that it would have been economically unsound for appellee to have had the car repaired. .The shop foreman of the firm making the estimation stated that he told plaintiff on several occasions that the cost of repairs would exceed the value of the car, and that his recommendation was that the repairs not be made because of that reason. The estimation was given only at the insistence of appellee.
The jurisprudence is well settled that even though repairs may cost more than the purchase price of another similar article, nonetheless the owner of the damaged article may have the repairs made, and is not limited in his right of recovery to the value of some other similar article. See Herbert v. Langhoff, La.App., 164 So. 262, 266, modified on other grounds, 185 La. 105, 168 So. 508, and the several authorities therein mentioned. But in the cited case we went on to say: “ * * * where the repairs are not made and the damage is so extensive as to warrant the conclusion that the owner, in truth, considers that he has sustained a total loss, the damage sustained is more properly gauged by the valué of the article prior to the time at which it sustained the damage. Luttegeharm v. Pelican Cracker Factory Co., Inc., La.App., 161 So. 625; Hinton v. Tri-State Transit Co. of L[ouisian]a., Inc., La.App., 151 So. 116.”
The latest expression on the subject is to be found in Carrol v. Hartford Acc. & Indemnity Co., La.App., 52 So.2d 258, 261. In that case the owner of the automobile had the repairs made. Shortly after the collision the apparent damages were corrected, but subsequently it was learned that other defects existed which had been unnoticed, and the repairs were made, the total cost amounting to more than the value of the automobile. The court said: “ * * * The' circumstances of each case must be considered in determining whether or not to apply the rule. Had the total damages to plaintiff’s car been apparent immediately after the accident we would not hesitate to apply the said rvile, and we believe that said rule would have been applied by the lower court. However, here the only immediately apparent damages to plaintiff’s car was in the sum of $343.64, * * *. Such amount is well 'below the sum of about $450 which was the value, of plaintiffs' car prior to the accident as set by one of defendant’s witnesses. Had the additional damages, which did not appear until later, been known by plaintiff immediately after the accident, we believe he would have‘junked the car rather than-undertake such repairs. Plaintiff showed the utmost good faith throughout the difficulties. As each item of damage became apparent he immediately turned, his car over to a garage for repairs.”
The defense witnesses estimated the value of the automobile prior to the collision at anywhere from $325 to $500. None of them had seen the car before the accident, and their appraisals were based largely on a manual of the National Automobile Dealr ers Association, which contains listings of the average values of secondhand automobiles. Of course, the manual, which is merely used as a guide by automobile dealers, finance companies, etc., could not possibly quote the exact valuation of any particular automobile, for the obvious and simple reason that some automobiles might be in better condition than 'others of the same age.
It is in most instances a difficult task to place a value on a piece of secondhand machinery after it has been used for a length of time, because appraisers will and do often differ widely in their valuations. We do not think that the information contained in the book used‘by. the defense witnesses should be accepted as the criterion. Plaintiff paid $675 for the automobile a year before it was damaged; his *278 bill of sale is contained in the record. Our thought is that the purchase price paid for the automobile, less depreciation for the year during which appellee used the car, should be the standard for assessing damages. The shop foreman of the firm from •which the estimate of damages emanated, appearing for the defense, testified that such a secondhand automobile would depreciate to the extent of about $100 per year. This bit of testimony leads us to the conclusion that in August of 1950, the car was worth $575.
Considering the almost unanimous testimony to the effect that it would have been unfeasible and unwise for appellee to have repaired his automobile at a cost of $737.95, we believe this case comes within the rule applied by us in Herbert v. Langhoff, supra, wherein all prior jurisprudence was considered.
Appellee’s counsel points to those cases in which the owner of the damaged article was allowed to- recover for the repairs, even though the cost exceeded the value of the article. But in each of the cited cases the repairs had been actually made, a situation different from that found here.
It is argued on behalf of appellee that the work was not done for the reason that he did not have sufficient funds to pay for the same, but that fact does not alter our views.
Therefore, the right of recovery must be restricted to the value of the automobile, to-wit, $575, less, however, the sum of $60, which the evidence establishes was its salvage value after the wreck. Appellee is also entitled to recover $10 for the towing charges, and $10.50 for storage.
By way of answer to the appeal, appellee has prayed that the amount of the storage charges be increased so as to include accruals arising after suit was filed, but under the circumstances of the case we do not believe that the allowance for said item should be disturbed.
For the reasons assigned, the judgment appealed from is reduced to the sum of $535.50, and as thus amended, and in all other respects, the judgment is affirmed. Plaintiff-appellee is to pay the costs of this appeal.
Amended and affirmed.