LOTTINGER, Judge.
This is a suit for damages resulting from a collision between a truck owned and operated by petitioner Roy Morgan and a truck owned by Juban Lumber and Con *280 struction Company which was operated by its employee, Jessie Hood. The defendants are Juban Lumber and Construction Company and its liability insurer, Hartford Accident and Indemnity Company. The lower court rendered judgment for petitioner in the amount of $735, being the amount of damages suffered to the petitioner’s truck. Both petitioner and defendants have filed appeals.
The facts show that on Friday, November 11, 1955 at approximately 11 o’clock a. m. both trucks were traveling in an easterly direction on U. S. Highway 190 at a distance of approximately 2j/á miles east of Kinder, Louisiana. The defendant’s vehicle was traveling at about 30 to 35 miles per hour and was followed by the petitioner’s vehicle. The petitioner’s vehicle was a dump truck loaded with gravel whereas the defendant’s vehicle was a truck and trailer, the trailer being about 32[4 feet in length, and being loaded with oak flooring.
The weather was clear and the highway was dry. The north shoulder of the highway had been dug out apparently undergoing repairs, and at the north edge of the paved slab there was a drop of approximately one foot. The south shoulder of the highway was intact and was evidently of good width. The highway was concrete for a width of 18 feet.
The petitioner testified that he attempted to pass the defendant’s truck as the highway ahead was clear of oncoming traffic. Petitioner blew his horn, proceeded to pass, and when he was about midway of the defendant’s truck and trailer, the defendant’s truck and trailer swerved to the left and struck petitioner’s vehicle throwing it into the excavated shoulder and caused it to turn over some two or three times. The defendant filed an answer which was, in substance, a general denial, and further claimed that the accident was caused when the petitioner’s truck struck the left rear corner of defendant’s truck and trailer while it was in its proper lane of traffic.
The lower court awarded damages to-petitioner in the amount of $735, being the value of the petitioner’s truck at the time it was totally demolished by the accident. The lower court denied damages to petitioner for loss of use of the vehicle, saying that it was immediately apparent to petitioner that his vehicle was a total loss. The petitioner appeals, asking that he be allowed damages for loss of use of his truck, and the defendant appeals, seeking a reversal of the judgment.
The parties stipulated that the value of the petitioner’s vehicle at the time of the accident was in the sum of $735. Only two witnesses testified in this case and they were the two drivers of the two vehicles involved in the accident. Petitioner claims that he blew his horn and speeded up to between 35 to 40 miles per .hour in an attempt to pass the defendant, and that when he had approximately half-way negotiated his act of passing, the defendant veered into petitioner’s lane of traffic whereupon petitioner again sounded his horn. Petitioner testified that the defendant driver then abruptly turned toward his right, causing the trailer to come a little further into the left lane and strike him.
The defendant claims that he did not veer into the petitioner’s lane, however, he does admit that his trailer could have crossed the center of the highway. It appears to us that the petitioner was much more definite in his testimony than was the defendant, which is apparently the reason for the judgment in favor of petitioner.
Of course, the appellate courts will not reverse the findings of fact of the lower court unless such findings are clearly erroneous. Credibility of the witnesses no doubt played an important factor in this case because there was only one witness for petitioner and one witness for defendant. We are unable to find any manifest error on the part of the lower court and its decision as to the liability for the accident will be maintained, and *281 the judgment in favor of petitioner will he affirmed.
As to the question of loss of use of the petitioner’s vehicle, the law is clear that no recovery is allowed when the vehicle has been totally destroyed. In Burrage v. Tri-State Transit Company of Louisiana, Inc., La.App., 149 So. 125, 126, the Court said:
“Plaintiff is not entitled to recover any amount on account of being deprived of the use of the truck, etc., for ten days following the collision. It is well settled that the measure of damages for the destruction of an automobile or truck is the value of the vehicle at time of destruction. This was squarely held by us in Adams v. Bell Motors, Inc., 9 La.App. 441, 121 So. 345, 347. In that case we said: 'Plaintiff’s car was totally destroyed, or so nearly so that it could not be repaired, and he sued for the value thereof. One who recovers the full value of a chattel destroyed through the negligence of another, cannot recover for the value of the use thereof after same was destroyed. The measures of damage in such cases is the value of the property destroyed.’
“Many authorities are cited in this opinion to sustain the principles enunciated.
“Blashfield’s Cyclopedia of Automobile Law, Vol. 2, p. 2004, states the rule to be: ‘Where an automobile is practically destroyed, or so nearly destroyed as not to be susceptible of repair, the measure of damages is its reasonable market value immediately before the incident.’ ”
The general rule, therefore, is that damages for loss 'of use of a vehicle are not recoverable when the vehicle is totally destroyed, or so nearly destroyed as to not be susceptible of repair. However, an exception to this general rule is where the party does not know whether or not the vehicle is a total loss, and in that case loss of use will be allowed during a reasonable period of time within which it takes the party to ascertain that the vehicle is a total loss. Adam v. English, La.App., 21 So.2d 633.
Now the petitioner testified that immediately after the accident it appeared to him that his truck had been completely destroyed. He testified that the frame had been bent, the cab had been mashed, and that the dump body had been bent. Petitioner .claims, however that although it appeared to be a total loss to him, he was not a mechanic and was not in a position to determine whether or not the truck could be repaired. The petitioner did, however, testify that immediately after the accident his truck appeared to be a total loss and as he has been driving trucks for a period of some 35 years we feel that he knew, or should know, that his vehicle was a total loss. The lower court evidently concluded that the petitioner immediately realized his vehicle was a total loss because it refused to allow damages for loss of use of the vehicle, and we find no manifest error in this decision of the lower court.
For the reasons hereinabove assigned, the judgment of the lower court will be affirmed, all costs to be paid by defendant.
Judgment affirmed.