111 So.2d 561 (1959)
Thomas J. WHITE
v.
Sosthene TRAHAN and Southern Farm Bureau Casualty Insurance Company.
No. 4820.
Court of Appeal of Louisiana, First Circuit.
May 1, 1959.
*562 Davidson, Meaux, Onebane & Donohoe, Lafayette, for appellant.
Piccione & Piccione, Lafayette, for appellee.
Before LOTTINGER, TATE and HOOD, JJ.
LOTTINGER, Judge.
The only question presented by this appeal is the measure of damages to be awarded the plaintiff as the result of an automobile accident which occurred on January 1, 1957. Liability was admitted at the outset of the trial and certain special damages were stipulated, thus leaving for determination the matter of personal injuries suffered by the plaintiff and an item of special damages for storage of his automobile after the accident.
Judgment was rendered by the Lower Court in the sum of $3,937 of which amount $2,500 was for personal injuries and $139 for storage for 139 days at $1 per day. The defendants have appealed and the plaintiff has answered the appeal seeking an affirmance of the award of the trial court.
The plaintiff first saw Dr. Charles Chester Martin, of Lafayette, on the day after the accident. X-rays were taken and it was found that he had suffered a fracture involving the medial aspect of the base of the second metacarpal bone, a small avulsion fracture involving the lateral aspect of the base of the proximal phalanx of the third finger of the right hand and a fracture of the left seventh rib. A cast was applied to the hand on January 2, 1957, another on the 21st day of the same month and the patient was discharged on March 26, 1957. The doctor testified that on the date of discharge plaintiff had no pain over the rib but complained of pain and weakness in his hand sometime when he picked something up. He stated further that the bones had healed with an angulation of the fragments which would result in a five per cent disability of the right hand.
Dr. Bennett H. Young, orthopedic surgeon called on behalf of the defendants, stated that he examined the plaintiff on May 14, 1958. He found some tenderness at the junction of the hand and wrist to deep pressure but failed to find any loss in range of motion or sensory loss. He attributed the discomfort in the hand to some *563 extent to the slight disarrangement of the joint but more to disuse as a result of over protection for a long period of time. This doctor thought normal use would be the best therapy and that in time the discomfort would subside. He estimated the disability at three to five per cent.
The record discloses that the plaintiff is and has for a number of years been employed as a tool pusher for the Superior Oil Company. He is left handed and, as pointed out above, the injury was to his right hand. He was not hospitalized nor did he lose any time from his work. Considering these factors in the light of the medical testimony we are of the opinion that the award of $2,500 is somewhat excessive and same will be reduced to the sum of $1,750.
The remaining question concerns the award for storage charges in the amount of $139. The plaintiff testified that the reason the car was stored for such a length of time (139 days) was that he was contemplating having it repaired while he was negotiating a settlement with the defendant insurance company. It was stipulated that the value of the car was $1,150, whereas the estimate for repairing it amounted to $2,137.05.
The case of Adam v. English, La.App., 21 So.2d 633, cited by us in Morgan v. Hartford Accident & Indemnity Company, La.App., 100 So.2d 279, laid down the rule that where a party does not know whether his vehicle is a total loss he should be allowed a reasonable time within which to so ascertain, and that a period of 14 days was reasonable. We think that reasoning is applicable here and that storage for only fourteen days, or the sum of $14 should have been allowed.
For the reasons assigned the judgment appealed from is amended so as to reduce the amount awarded plaintiff to the sum of $3,062; in all other respects the judgment to stand affirmed.
Judgment amended and affirmed.