GLADNEY, Judge.
This appeal involves a single issue, and that is the amount of damages to which plaintiff is entitled for the loss of his automobile. Plaintiff’s 1952 Tudor model Ford automobile was involved in a collision on October 6, 1958, with a vehicle of the defendants, J. C. Thrash and Jesse L. Peterson, in the intersection of Washington and North Fifth Streets in the City of Monroe. Phillips’ automobile was so badly damaged it was not feasible to repair it to its former condition. After trial judgment was rendered in favor of plaintiff for Three Hundred ($300) Dollars. Thrash and his insurer, Canal Insurance Company, have appealed. Plaintiff has answered the appeal praying the award be increased to Four Hundred Twenty ($420) Dollars.
In briefs filed in this court appellants have conceded their liability, but question the award in damages made by the trial court as failing to allow as an offset the salvage value of the damaged vehicle. Ap-pellee asserts such an allowance was made. Written reasons for judgment were not assigned.
The fixing of damages of the nature herein involved is largely in the trial court’s discretion and ordinarily will not be disturbed. LSA-C.C. Art. 1934, Subdivision 3, par. 2. Angelloz v. Humble Oil & Refining Co., 1941, 196 La. 604, 199 So. 656; Franklin v. Arkansas Fuel Oil Co., 1951, 218 La. 987, 51 So.2d 600.
The cost of repairing plaintiff’s automobile which had been extensively damaged by defendant’s negligent operation of his automobile, was in excess of the value-of plaintiff’s automobile prior to injury and repairs had not been made at the time of action to recover for estimated damages, including repairs. Recovery should be restricted to the value of the automobile prior to injury, less its salvage value after the wreck. Burrage v. Tri-State Transit Co. of Louisiana, Inc., La.App.1933, 149 So. 125; Luttegeharm v. Pelican Cracker Factory Co., Inc., La.App.1935, 161 So. 625; Heyden v. Dubos, La.App.1952, 56 So.2d 276; Greenberg v. New Orleans Public Service, Inc., La.App.1954, 74 So.2d 771.
The evidence of the value of plaintiff’s vehicle prior to the accident discloses that it was purchased for Four Hundred ($400) Dollars about a year prior to trial of the case on June 9, 1959. The car was a Tudor 1952 model Ford and equipped with seat covers, radio, heater and battery, all said to be in good condition. The evidence is uncontroverted it would require repairs of Three Hundred ($300) Dollars to restore the automobile to its condition prior to the injury. Further testimony revealed that the value of a similar model car, according to the book published by the National Automobile Dealers’ Association, would be Two Hundred Ninety ($290) Dollars, and there was some testimony that two estimates of the salvage value of the car were One Hundred Sixteen and 50/100
*334 ($116.50) Dollars and One Hundred Sixty-Eight and 50/100 ($168.50) Dollars. It is apparent none of the witnesses who attempted to evaluate the car was familiar with it prior to the collision. The district judge in attempting to resolve the uncertainties as to value, evidently determined the value of the car, less salvage, was about Three Hundred ($300) Dollars, the amount required to repair it, and held plaintiff to be entitled to the recovery of that amount.
It is our appreciation of the evidence and holding of the trial judge that his decision was an equitable one which required a measure of discretion. We find no error in the ruling of which complained, and accordingly, the judgment is affirmed at appellants’ cost.