BOLIN, Judge.
Liability having been conceded by defendants, after trial and judgment in favor of plaintiff in the amount of $1851.25 for personal injuries and damages as the result of a motor vehicle collision, defendant appeals only from the award of damages.
Appellants first contend plaintiff has not proved his ownership of the vehicle involved in the accident and therefore is not entitled to recover anything for the loss of the vehicle, for the loss of hire or expenses incurred in towing same from the scene. Moreover, if this court affirms ownership in plaintiff, appellants further object to the amount of the award for the value of the truck, claiming the trial court admitted there was no evidence as to the market value of the vehicle just prior to the collision and therefore the award was based on “speculation and conjecture”; and finally, request reduction in the awards for loss of wages, for disfigurement and discomfort and for pain and suffering.
Taking the errors alleged in the order in which we find them, we examine first the allegation of lack of ownership of the truck.
On the trial plaintiff introduced into evidence a bill of sale, dated May 1, 1957, to show the sale of a 1951 GMC pickup truck from Pelican Trucking Company, Shreveport, to Joe A. Baremore for the consideration of $500. No objection was made to this offering. However, on cross-examination counsel for appellants elicited the information from plaintiff that certificate of title to the truck was in the name of W. W. Beard, plaintiff’s father-in-law, and the statements, “We had traded, oh, in September of 1954”, but, “It was never put on record.”
Plaintiff testified he had sold the truck to Pelican Trucking Company, for whom he then worked, and repurchased same just prior to his separation from that company. He further testified, and this was corroborated by his employer, he used the truck to haul other workers to and from work and for this service his employer paid him $5 a day over and above his salary.
From this evidence we feel the trial judge correctly concluded the 1951 GMC pickup truck was the vehicle involved in the accident, and belonged to plaintiff. Title to motor vehicles, although imperfect, may still be transferred in accordance with the provisions of LSA-C.C. art. 2456 as between the parties, even though the purchaser has not complied with the Certificate of Title Law. See Transportation Equipment Company v. Dabdoub (Orl.App.1954) 69 So.2d 640 (cert. denied); Williams Motor Co. v. Zeagler (La.App. 2 Cir., 1957) 92 So.2d 291; Lemaire v. Pellerin (La.App. 1 Cir., 1958) 102 So.2d493; LSA-C.C. arts. 2439 and 2456.
We next examine the record and the opinion of the trial judge to determine the validity of the award of $250 for damage to the vehicle. The pertinent portion of *60 the judge’s opinion here under attack is set forth below:
“No evidence of market value of the vehicle at the time of the collision is in the .record, nor is there any evidence in the record as to the salvage value after the collision.”
Appellant urges that despite the total lack of evidence noted by the court itself the trial court proceeded to award plaintiff damages for the value of the truck which could only be based on “speculation and conjecture.”
While it is true the trial judge stated: “No evidence of market value of the vehicle at the time of the collision is in the record, * * * ” we feel the court clearly meant there was no direct evidence, such as that usually introduced in such cases by the defendant to show the value is less than the amount claimed by plaintiff. Here there is a great deal of testimony, by plaintiff and by Lon McAlister, the mechanic who estimated the cost of repairs, as to the actual value of the truck. Following the above pronouncement, the trial judge reviewed the evidence upon which he predicated his evaluation as follows:
“Plaintiff testified that he purchased or rather repurchased the vehicle which he had previously sold to Pelican Trucking Company, Shreveport, Louisiana, on May 1, 1957, for the sum of $500.00 and introduced a bill of sale to support the transaction. He testified that he had put a new radiator and new tires on it and had only recently put new wiring on the vehicle, and that same was in tip top shape. We have no doubt that a vehicle of this make and model in any kind of running condition would have a reasonable market value of $300.00. It would appear to the court that the motor which had already been removed and put to use, together with the tires should have a reasonable salvage value of $50.00, subtracting this amount from the market value the court arrives at the figure of $250.00 for plaintiff’s item of damage to his vehicle. * * *»
In the absence of contradictory testimony we feel the judg’e properly performed his function in determining the amount of the damages suffered by plaintiff. The testimony of plaintiff as to the cost of the truck, the amount expended just prior to the accident and the condition of the truck was not discredited. The estimate of Lon McAlister, that it would take $750.33 to repair the truck was not questioned. Defendant produced no witnesses on the issue of value or cost of repair, choosing to rely on its position that plaintiff failed to prove ownership, and even if ownership is proved, he has failed to prove the amount of his damage.
In the case of Heyden v. Dubos (Orl.App.1952) 56 So.2d 276, relied on by the court below, it was stated:
“It is in most instances a difficult task to place a value on a piece of second hand machinery after it has been used for a length of time, because appraisers will and do often differ widely in their valuations. We do not think that the information contained in the book used by the defense witnesses should be accepted as the criterion. Plaintiff paid $675 for the automobile a year before it was damaged; his bill of sale is contained in the record. Ou.r thought is that the purchase price paid for the automobile, less depreciation for the year during which appellee used the car, should be the standard for assessing damages.”
And in Phillips v. Thrash (La.App. 2 Cir., 1959) 116 So.2d 332, this court affirmed a lower court award of $300 as damages for total destruction of plaintiff’s automobile, and stated:
“The fixing of damages of the nature herein involved is largely in the trial court’s discretion and ordinarily will not be disturbed. LSA-C.C. Art. 1934, Subdivision 3, par. 2. Angelloz v. Hum *61 ble Oil & Refining Co., 1941, 196 La. 604, 199 So. 656; Franklin v. Arkansas Fuel Oil Co., 1951, 218 La. 987, 51 So.2d 600.
* * * * * *
“ * * * The district judge in attempting to resolve the uncertainties as to value, evidently determined the value of the car, less salvage, was about Three Hundred ($300) Dollars, the amount required to .repair it, and held plaintiff to be entitled to recovery of that amount.
“It is our appreciation of the evidence and holding of the trial judge that his decision was an equitable one which required a measure of discretion.”
Appellant cites three cases in his brief purporting to support his contention that it is established beyond question in this state that when a motor vehicle is damaged in an amount in excess of its value and the owner does not have the same repaired, the owner is limited to a recovery of the market value of the vehicle at the time of the accident less any salvage value. We have examined these cases and find them inap-posite.
Appellant urges this court to disallow the award of $125 fo.r loss of hire of plaintiff’s truck, citing cases which set forth the general rule that damages for loss of use of a vehicle are not recoverable when the vehicle is totally destroyed, or so nearly destroyed as to not be susceptible of repair.
In Morgan v. Hartford Accident and Indemnity Company (La.App. 1 Cir., 1958) 100 So.2d 279, the court after reiterating the general rule stated:
“However, an exception to this general rule is where the party does not know whether or not the vehicle is a total loss, and in that case loss of use will be allowed during a reasonable period of time within which it takes the party to ascertain that the vehicle is a total loss. Adam v. English, La.App., 21 So.2d 633.”
In White v. Trahan (La.App. 1 Cir., 1959) 111 So.2d 561, the exception to the general rule was affirmed and the 14-day period, determined in the above cited cases to be a reasonable time within which plaintiff should ascertain whether his vehicle is a total loss, was again found to be reasonable and plaintiff was allowed 14 days storage. See also Drewes v. Miller et al. (Orl.App., 1946) 25 So.2d 820.
 We feel the record supports the trial court’s award for loss of hire of plaintiff’s truck, inasmuch as plaintiff’s employer testified that he paid Baremore $5 a day to haul other employees to and from work; but under the jurisprudence the allowance of 25 days, the entire time of plaintiff’s disability, would be an unreasonable length of time in which to determine the extent of the damages to the truck. For this reason, the amount of the loss of hire is reduced to $70, which would-allow plaintiff 14 days within which to obtain an estimate of his loss and determine the extent thereof.
We are convinced from the testimony and the .record of the correctness of the trial court’s finding that plaintiff was disabled for the period from October 3 to October 31 and that his employer would have employed him for all but 2 or 3 days of that period. For this reason we affirm the award of $337.50 for loss of wages.
The personal injuries for which plaintiff recovered $1100, $350 being awarded' for disfigurement and discomfort and $750 for pain and suffering, included a lacerated nose, bruises about the chest and contusions and abrasions of the left forearm. Although the disfigurement to the nose is slight, medical testimony established it would be permanent as would the discomfort, caused by hard, bristle-like hairs irritating the scar. The treating physician also testified that the contusions and bruises suffered by plaintiff, an oilfield *62 worker, could be reasonably expected to incapacitate him to do heavy labor for three or four weeks. The quantum of damages for plaintiff’s personal injuries is neither excessive nor inadequate and no abuse of discretion has been shown. The award of the trial judge in fixing damages for pain and suffering is largely in the discretion of the lower court and ordinarily will not be disturbed. Ford v. State Farm Mutual Automobile Ins. Co., et al. (La.App. 2 Cir., 1962) 139 So.2d 798 and cases therein cited.
For the reasons assigned the judgment of the trial court is amended so as to reduce the total award from $1851.25 to $1796.25 and as thus amended is affirmed at appellants’ cost.
Amended and affirmed.