GLADNEY, Judge.
This is an action in tort to recover property damage and for personal injuries sustained by plaintiffs, Edwin C. Crabtree, Jr., owner and operator of a 1963 Chevrolet Chevy II automobile, and the three guest passengers in that automobile. The car, operated by Crabtree, was involved in a collision on May 16, 1964, with a 1958 Dodge automobile owned and operated by defendant Willie Lee Hall and insured by defendant Home Indemnity Company. After trial, judgment was rendered against defendants for the personal injuries sustained by each plaintiff. Edwin C. Crab-tree, Jr. was awarded $1,676.14 for damages to his automobile. Defendant has appealed from the award for the property damage.
The sole issue presented on this appeal is the correctness, vel non, of the allowance for property damage. Plaintiff tendered in evidence an estimate of the repair costs to his automobile, and in proof thereof elicited from the owner and operator of a repair shop verification of the amount of $1,676.14. On cross-examination this witness testified that the cost to repair plaintiffs car would exceed its value before the collision. No further evidence of the property loss was submitted.
The cost of repairing plaintiff’s automobile, which had been extensively damaged by defendant’s negligent operation of his automobile, was in excess of its value prior to injury and repairs had not been made at the time of action to recover for estimated damages, including repairs. Recovery should be restricted to the value of the automobile prior to injury, less its salvage value after the wreck. Burrage v. Tri-State Transit Co., La.App., 149 So. 125 (2nd Cir. 1933) ; Luttegeharm v. Pelican Cracker Factory Co., Inc., La.App., 161 So. 625 (2nd Cir. 1935) ; Dodge v. Bituminous Casualty Corp., La.App., 33 So.2d 95 (1st Cir. 1947) affirmed, 214 La. 1031, 39 So.2d 720; Heyden v. Dubos, La.App., 56 So.2d 276 (Orl.Cir.1952) ; Greenberg v. New Orleans Public Service, La.App., 74 So.2d 771 (Orl. Cir. 1954); Phillips v. Thrash, La.App., 116 So.2d 332 (2nd Cir. 1959).
Forasmuch as the record fails to reveal the value of plaintiff’s car prior to the collision; and that repairs thereto had not actually been made prior to trial; and in the absence of evidence as to salvage value, it is necessary that the case be remanded for the purpose of receiving evidence to determine the actual loss sustained by the plaintiff.
Accordingly, the judgment of the trial court is annulled and set aside and it is ordered that this case be remanded to the 26th Judicial District Court for the Parish of Bossier for the purpose of receiving evidence as to the actual loss sustained by the appellee herein not inconsistent with the views herein expressed, the cost of this appeal and other costs to be assessed by the trial court upon a final determination of the case.
Reversed and remanded.