BOLIN, Judge.
By this tort action Mr. and Mrs. Fertitta, husband and wife, seek damages for personal injuries to Mrs. Fertitta and related community expenses allegedly caused when Mrs. Fertitta was struck on the head by a quart glass jar which was knocked from a shelf in Fertitta’s delicatessen store in Shreveport, Louisiana, by employees of Louisiana Neon Manufacturing Company.
Suit was instituted against William M. Palmer, Jr., d/b/a Louisiana Neon Manu *137 facturing Company, Anthony Armenio and Claude W. Daum, employees of Palmer, Hanover Insurance Company of New York, the liability insurer of a truck owned by Palmer which was used in transporting a neon sign and installation equipment to Fertitta’s store, and United States Fidelity and Guaranty Company, the manufacturers and contractors insurer of Palmer. Palmer and United States Fidelity filed a third party demand against Armenio and Hanover for any judgment which might be rendered in favor of the principal plaintiffs against the third party plaintiffs. Armenio also filed a third party demand against Maryland Casualty Company under a homeowners insurance policy issued to him by that company.
Following trial, judgment was rendered in favor of Mrs. Fertitta against Armenio, Palmer and United States Fidelity, in solido, in the sum of $6000 for her personal injuries and in favor of Mr. Fertitta against the same defendants in the sum of $1024.61 for expenses incurred by the community resulting from the injuries. Plaintiffs’ claims against Daum and Hanover Insurance Company were rejected. Palmer and United States Fidelity were awarded judgment under their third party demand against Arme-nio for the amount rendered in favor of plaintiffs against them but their third party demands against Hanover were rejected as were those of Armenio against Maryland Casualty.
Palmer and United States Fidelity appeal from that portion of the judgment rendered in favor of plaintiffs against them and, further, from that portion rejecting their demands against the Hanoyer Insurance Company. Armenio appeals from the judgment denying liability of Hanover under its automobile liability policy and, in addition, asks for reduction from $6000 to $3000 of the award in favor of Mrs. Fertit-ta. That part of the judgment rejecting Armenio’s third party claim against Maryland Casualty has not been appealed.
On the day of the accident Armenio and Daum transported the neon sign and tools necessary for installation to Fertitta’s store in a truck owned by Palmer, their employer. Upon their arrival the two men entered the premises and were advised by Fertitta of the place he desired the sign located. Armenio climbed up on a counter near the point of installation, where he was handed the sign by Daum, in order to determine the suitability of the position for the sign against the inside of the front window. After satisfying himself it would fit, Armenio placed the sign on a higher shelf to wait for the installation equipment being brought in by Daum. The evidence shows the sign struck a box of glass jars causing them to become dislodged and one of the jars struck Mrs. Fertitta on the head resulting in the injuries forming the basis of this suit.
It is undisputed that it was the action of Armenio which caused the injury to Mrs. Fertitta and that Armenio was in the course and scope of his employment with Palmer at the time of the accident. Under these circumstances plaintiffs are entitled to a judgment against Armenio, Palmer and United States Fidelity and Guaranty Company. The latter’s manufacturers policy contained no omnibus clause, therefore Armenio is liable to Palmer and United States Fidelity, under their third party demand for damáges caused by his negligence.
The primary issue is whether coverage is afforded Palmer, d/b/a Louisiana Neon Manufacturing Company, and Armenio under the automobile liability insurance policy issued by Hanover which contained the standard type omnibus clause and, in addition, provided:
“Use of the automobile for the purposes stated includes the loading and unloading thereof.”
Palmer, Armenio and United States Fidelity contend the injuries to Mrs. Fertit-ta occurred while the sign was being “unloaded” from the truck and, therefore, cov *138 erage was afforded under that contract of insurance.
“Loading and unloading” provisions of automobile liability insurance policies have been the subject of much litigation throughout the United States. In some jurisdictions the courts have adopted the “coming to rest” doctrine under which the loading of a vehicle is considered accomplished when the article removed from the vehicle has actually come to rest. In other jurisdictions the “complete operation” doctrine is followed. Under this theory the unloading is not considered completed until the object removed from the vehicle has been actually delivered and placed in possession of the party to whom delivery is to be made.
It has been contended that Louisiana has adopted the “complete operation” doctrine and as authority for such conclusion we have been cited to Spurlock v. Boyce-Harvey Machinery, Inc., 90 So.2d 417 (La.App. 1 Cir. 1956). We think the rationale of the Spurlock case is succinctly stated in the following quotation taken therefrom:
“There is much logic in both these contrary doctrines [“coming to rest” and “complete operation”].
“However, we believe it can safely be said that a majority of the jurisdictions, and a majority of the more recent cases, follow the more liberal doctrine that the “loading and unloading” clause is to be interpreted to cover all the steps that can be regarded as an integral, continuous part of the complete operation of transferring the goods into or out of the insured motor vehicle. Of course, all cases agree that where the loading and unloading begins or ends must by necessity vary greatly with the facts of each case.”
As our courts have said on many occasions, insurance contracts should not be interpreted so as to lead to absurd conclusions. In the instant case, it should be observed, the sign was delivered and installed by the same party and to follow the “complete operation” theory would lead to an absurd conclusion because the “operation” would not be complete until the sign was finally installed. In a similar hypothetical case, where the same person did the delivering and installing and the installation involved intricate and complex machinery, such an “operation” might well take days or even weeks to complete.
Under whatever theory or doctrine we view this case we adopt what we consider a common sense approach to the problem and conclude Armenio was in the process of installing a sign at the time the jar was knocked from the shelf in the store causing the injuries and that such installation and injury had no connection with the unloading of the truck. It follows from this conclusion the lower court properly rejected all damages against Hanover Insurance Company.
There remains the question of quantum. The record amply supports the judgment awarding Mr. Fertitta the sum of $1024.61 for expenditures made necessary because of the accident. In his written opinion the trial judge made the following finding relative to the injuries suffered by Mrs. Fertitta:
“The evidence satisfies us that Mrs. Fertitta suffered a concussion in the accident. She did not remember the events that occurred immediately after the accident. She suffered severe headaches and nausea, and continued to seek and obtain medical assistance until she obtained some relief. Dr. Faludi classified her injuries as a mild cerebral concussion, and was of the opinion that her symptoms continued from the date of injury until October of 1965. The accident occurred on July 31, 1964. Mrs. Fertitta was unable to work in the family enterprise for eight months. She complained of continued headaches and loss of hearing. Dr. Faludi could find no connection between the accident and the hearing loss. *139 “Although Mrs. Fertitta was not under medical treatment continually during the period of time for which she claims disability, we do find that her complaints were genuine. Even if her complaints were to some extent exaggerated and prolonged because of nervous tension and worry, they were, nevertheless, caused by the accident.
“Six Thousand Dollars should fairly compensate Mrs. Fertitta for the injuries she received in this accident.”
In assessing damages for personal injuries much discretion is granted to the trial judge. La.C.C. Art. 1934(3). From our review of the record we are unable to find any abuse of discretion by the trial judge in awarding Mrs. Fertitta $6000 for her personal injuries.
For the reasons assigned the judgment appealed from is affirmed at appellants’ costs.
Affirmed.