231 So.2d 438 (1970)
Mrs. Thais O'Neil HEIDER, Wife of/and Edward F. Heider, Sr., Individually and For and on Behalf of His Minor Son, Edward F. Heider, Jr.
v.
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN.
No. 3749.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 1970.
*440 Landrieu, Calogero & Kronlage, Pascal F. Calogero, Jr., New Orleans, for plaintiffs-appellees.
Schoemann, Gomes & Ducote, Monte J. Ducote, New Orleans, for plaintiff-appellant.
Stephen B. Gray of Duetsch, Kerrigan & Stiles, New Orleans, for third-party defendant-intervenor.
Before HALL, LeSUEUR and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a case in tort arising out of an automobile accident which occurred on July 31, 1966 at about 9:30 a.m., in the intersection of Patricia and Perrin Streets in Arabi, Louisiana. The plaintiffs herein are Mrs. Heider and Mr. Heider, who sued individually and on behalf of his minor son. The defendant herein is Employers Mutual Liability Insurance Company of Wisconsin, the liability insurer of Pelican Plumbing Supply, Inc. The facts surrounding the occurrence of the accident, as elicited from the record, are substantially these: There were stop signs on Perrin Street but not on Patricial Street, Patricia being the favored street. Mrs. Heider was driving a 1964 Ford station wagon owned by herself and her husband on Patricia Street in an easterly direction. Her son, Edward F. Heider, Jr., who was then eight years of age, was a passenger in her automobile. William L. Doize was driving a 1962 Chevrolet belonging to Pelican Plumbing Supply, Inc., with its permission, in a southerly direction on Perrin Street. It was drizzling at the time, it having rained previously. Doize had driven his automobile through an inundated area shortly before arriving at the intersection in question. He testified that he knew that driving through deep water might wet his brakes and cause them to become temporarily inoperative. Further, he stated that he did not test his brakes after driving through the water. As Doize approached the intersection at a speed of 20 to 25 miles per hour he noted that he had a stop sign and also that the Heider vehicle was approaching from his right. He applied his brakes but they failed to stop his automobile. He then sounded his horn and swerved to his left but was unable to avoid striking the Heider vehicle on the front left side. He made no attempt to use his emergency brake.
Mrs. Heider testified that she approached the intersection at a speed of 10 to 15 miles per hour. She said that she was familiar with this intersection and knew the traffic on Perrin Street had stop signs in both directions. A two-story house on her left could have prevented her from seeing the Doize vehicle, but in any event she did not see his car approaching until it was too late to avoid the collision. She states that immediately before the impact she noted "something white real fast" on her left side, and certainly the force of the impact indicates to us that Doize was traveling at a speed greater than that to which he testified. Subsequently Doize plead guilty to criminal charges of failure to heed a stop sign and negligent injury.
Mrs. Heider sues for her own injuries and Mr. Heider sues, as head and master of the community of acquets and gains existing between himself and his wife for the *441 medical expenses of his wife and their son and for the loss of their automobile, and as administrator of the estate of his minor child for the boy's personal injuries. The defendant filed a third-party claim against Employers Liability Assurance Corporation, Ltd., alleging the negligence of Mrs. Heider and seeking contribution from it as the insurer of Mrs. Heider in the event of a judgment adverse to Employers Mutual. Employers Liability Assurance Corporation, Ltd., intevened seeking restitution from Employers Mutual for the $853.43 which it had paid to Mr. Heider for the loss of his automobile under its collision insurance contract with him.
The trial court rendered judgment in favor of Mrs. Heider for $6,500.00 and in favor of Mr. Heider for $10,736.45, $8,000.00 of which represented an award for Edward Heider, Jr. Further, the third-party demand was dismissed with prejudice and judgment was rendered in favor of intervenor for the sum prayed for. The defendant was further condemned to pay expert fees in the amount of $525.00, legal interest from date of judicial demand, and all costs of the proceedings. From this judgment the defendant has appealed suspensively seeking a reversal or, alternatively, a reduction in the damages awarded. The plaintiffs answered the appeal asking for an increase in the damages.
Considering the aforesaid facts, we cannot disagree with the conclusion of the trial judge that Doize was negligent and that his negligence was the proximate cause of the accident; and that Mrs. Heider was not guilty of contributory negligence. A motorist traveling on a right of way street has the right to assume that traffic approaching an intersection from a less favored street will observe the law and not violate the former's right of way. Ballaron v. Roth, La.App., 221 So.2d 297, and cases cited therein. Furthermore, there is nothing in the record which would persuade us that Mrs. Heider was not keeping a proper lookout or was in any other way negligent. The issue, then, becomes one of quantum.
The first item that appellant complains of its the award of $185.00 by the trial court for storage of the Heider automobile. A plaintiff may seek compensation for storage charges for a reasonable length of time while he determines whether his automobile can more advantageously be repaired or replaced. Normally this reasonable length of time should not exceed 14 days. White v. Trahan, La.App., 111 So. 2d 561; Adam v. English, La.App., 21 So. 2d 633. In this case Mr. Heider knew within 9 days approximately what it would cost to repair the automobile. Surely an additional five days was sufficient time for him to decide whether or not to repair it. We are, therefore, of the opinion that the trial judge erred in awarding plaintiffs storage charges for more than 14 days. Mr. Heider testified that he did not have the automobile repaired until it was too far gone to be repairable because he was trying to get a better settlement from his collision insurer. His excuse is of no avail since under our jurisprudence he may not recover storage charges for time spent in negotiating with the insurer, beyond 14 days. White v. Trahan, supra.
Defendant's second complaint is that the trial judge exceeded the bounds of his discretion in awarding Mrs. Heider the sum of $6,500.00 for physical pain and suffering, anxiety, mental pain, and anguish over brain damage and possible future epilepsy. The testimony of the medical experts clearly shows that Mrs. Heider suffered a cerebral concusson. She was still suffering from headaches, nervousness and general irritability at the time of trial some two and one half years later. Six electroencephalograms were made of Mrs. Heider's brain. Five of these were abnormal. Notably the one normal electroencephalogram was performed at the direction of defendant's medical expert. The abnormality seen in the other five was of the type suggestive of grand mal epilepsy. The *442 medical experts were of the opinion that there was a 2% to 5% chance that one with injuries such as Mrs. Heider's would experience epileptic seizures in years to come, and she is very much aware of this possiblility. While we agree with counsel for defendant that Mrs. Heider has not proved the existence of epilepsy, we certainly concur with the trial judge in his conclusion that she has proved the existence of her fear of becoming an epileptic and its adverse effects on her. This is an apprehension that is well founded on medical opinions and could certainly produce sufficient mental anguish to justify the trial court's award of $2,500.00 therefor.
The trial court is vested with great discretion in awarding general damages. LSA-C.C. art. 1934(3) and his award for $4,000.00 for physical pain and suffering does not constitute an abuse of that discretion.
In view of the foregoing and in the light of Fertitta v. Daum, La.App., 204 So.2d 135, affirmed by our Supreme Court in Fertitta v. Palmer, 252 La. 366, 211 So. 2d 282, we cannot say that the general award to Mrs. Heider of $6,500.00 was either inadequate or excessive.
Lastly, defendant urges that the award on behalf of the minor, Edward Heider, Jr., of $8,000.00 was so excessive as to constitute an abuse of the trial court's discretion.
Young Heider was wedged between the steering wheel and the gear shift lever as a result of the accident, this causing a fracture of the larynx. He also sustained lacerations of the head and neck, the latter allowing air to escape into the surrounding tissues. He experienced considerable difficulty in breathing for a period of between two and three hours following the accident until a tracheotomy was performed. Another operation was necessitated for the removal of the tube which had been placed in his trachea when the tracheotomy was performed. Two laryngoscopies were also performed. In all he spent seven days in the hospital. The indications are that he will undergo further surgical treatment for the removal of two of the resultant scars. The larynx healed without medical intervention and although it will not be so strong as it was before the injury, it should not be any more susceptible to future injury than it would have been had it never been damaged. The tracheotomy, however, could, in the opinion of the physicians who performed it, given him trouble in the future, in the form in infection, cough or croup, since that operation involved the removal of cartilage. The boy's parents testified that he is not as aggressive as he was before the accident, that he is bashful about his scars, and that he is overly concerned with his health; There is also evidence, particularly in the testimony of Mr. Heider and of the physician who performed the tracheotomy, that young Heider was seized with a fear of death during the hours that intervened between the accident and the performance of the tracheotomy. This same physician testified that such a fear of impending doom is quite real and is in fact written up in medical books.
The amount of damages to be awarded in each case must be determined from a consideration of the facts and circumstances peculiar to that case. Barthelemy v. Phoenix Insurance Co., La.App., 226 So.2d 603; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire,245 La. 239, 158 So.2d 149. The trial judge awarded the boy $8,000.00 for physical pain and suffering, mental pain and anguish and fear of death, and disability, including cosmetic deformity, the result of scarring. In view of the extensive suffering that the boy has had to live with and will continue to experience as a result of the accident, we cannot say that the trial judge abused his great discretion in making his award.
*443 For the foregoing reasons the judgment of the trial court is amended so as to reduce the award to Edward F. Heider, Sr., for the storage of his automobile from $185.00 to $14.00, computed on the basis of $1.00 per day which sum it appears he was charged, and as thus amended is affirmed.
Amended and affirmed.