LOTTINGER, Judge.
This is a suit in tort for property damages and personal injuries resulting from *883 an automobile accident. Petitioners are James W. Campbell, individually, and as head and master of the community of ac-quets and gains existing between him and his wife, and as administrator of the estate of his minor children, Karen and Brent Campbell; and his wife, Mary Jo Campbell. Defendants are Gweneth S. Mack, the driver of the other vehicle, Avis Rent-A-Car System, InC., the owner of the car which Mack was driving, and defendant, Liberty Mutual Insurance Company, the insurer of the Avis automobile. The Lower Court awarded judgment in favor of petitioners and against all defendants, except Avis Rent-A-Car, which company was dismissed from the suit prior to trial.
The record discloses that on January 14, 1972, at approximately 7:10 O’clock P.M., the vehicle in which the Campbells were riding was traveling north on Louisiana Highway 21 in the Parish of St. Tammany, Louisiana. While so proceeding, the Avis car, traveling in a southerly direction, swerved from it’s side of the road across the road and into the lane of traffic occupied by petitioners striking petitioners’ car while in it’s north bound lane of traffic. Following trial on the merits, the Lower Court awarded a judgment in favor of the plaintiffs and the defendants have appealed.
The brief of the appellants makes no argument against the decision of the Lower Court with regard to the question of liability. The testimony of Mr. and Mrs. Campbell as well as the former state policeman who investigated the accident, clearly shows that the Avis car was in the Campbell’s lanes of traffic when it struck the Campbell car. The jurisprudence is well settled that when an accident occurs in which the driver leaves his lane of traffic and goes into the oncoming lane of traffic, the driver is presumed to be negligent and to escape liability must exculpate himself from and explain his actions. No evidence was introduced by defendants to justify the presence of the Avis vehicle in the wrong lane of traffic. In fact, defendant, Gweneth S. Mack, was not even present, nor did she testify on trial.
The Lower Court awarded judgment in favor of Mary Jo Campbell in the amount of $3,000.00. She has also appealed from this portion of the judgment seeking an increase in quantum.
Dr. O. M. Thompson, Jr., Mrs. Campbell’s doctor, testified that when he saw her for the first time, approximately three days after the accident, she was suffering from a contusion of the abdominal wall, contusion of both knees; she had a sprain of her left thumb, and she had a laceration of the right forehead. Dr. Thompson also testified that she sustained some degree of cerebral concussion at the time of the accident. He stated that all of the contused areas were swollen and she had swelling in her left thumb. The laceration in her left eyelid and eyebrow was approximately an inch and a half long with involvement with the supraorbital nerve, which nerve involvement caused Mrs. Campbell to suffer from at first anesthesia involving the right side of her forehead, and then paraesthes-ia, which lasted a considerable period of time and caused her occasional discomfort. Mrs. Campbell had a good recovery, however, she has a slight scar on her eyebrow and eyelid. She was seen by Dr. Thompson, or his associate, on seven occasions, the first being January 17, 1972 and the last being February 9, 1973.
Petitioner cites Fertitta v. Daum, La. App., 204 So.2d 135, wherein the Court awarded petitioner $6,000.00, for personal injuries wherein the petitioner suffered a concussion from an accident. In that case the petitioner did not remember the events that occurred immediately after the accident and she suffered severe headaches and nausea and continued to seek and obtain medical assistance from the date of the accident July 31, 1964 until October of *884 1965. In that case the doctor testified that it was his opinion that symptons continued for the whole of said period.
Petitioner further cites Heider v. Employers Mutual Liability Ins. Co., of Wis., La.App., 231 So.2d 438, wherein the petitioner was awarded $4,000.00 for physical pain and suffering. In that case, the petitioner again suffered a cerebral concussion and she was still suffering from headaches, nervousness and general irritability at the time of the trial some two and one half years after the accident.
In Callais v. Furniture Show Rooms, Inc., La.App., 213 So.2d 537, the award of $3,500.00 to a nurse who sustained a broken fibula which required cast for ten weeks and, to time of trial, limited her professional activity and produced continuing pain and swelling, was increased to the sum of $6,500.00.
Furthermore, in Aguillard v. Fidelity & Casualty Insurance Company, La.App., 238 So.2d 363, the Court awarded the sum of $3,800.00 to the petitioner who suffered shock, moderate cervical strain aggravated by tension, moderate cerebral concussion, large laceration of the foot, and bruises around neck, back and head, resulting in acute anxiety and continued pain and frequent headaches and tension, until the time of the trial, some fifteen months after the accident.
We feel that the injuries, and the resulting pain and suffering in the above mentioned cases was of a more severe nature than that sustained by Mrs. Campbell. Her doctor recommended that she not do anything about plastic surgery because the end results of the healing of the scar were very good. No real medical treatment was required of the other injuries, they mostly just took time to get well. According to her own doctor’s testimony petitioner’s disability was only for a period of a month after the accident. Although her trauma was rather substantial, she made an uneventful and rather quick recovery. The cosmetic results, according to her own doctor, were “excellent”.
In Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, the Supreme Court said:
“We recognize that in cases of this type the Constitution makes it the duty of appellate courts to review both the law and the facts, but in their examination of the fact these courts must give effect to the basic law set out in Article 1934(3) of our Civil Code that in the assessment of damages in cases of offenses and quasi offenses ‘much discretion must be left to the judge or jury.’ This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of the discretion vested in the lower court.”
The Supreme Court in Miller v. Thomas, 258 La. 285, 246 So.2d 16, said:
“From these decisions, two principles emerge: (1) To modify the amount of an award for general damages, an appellate court must find that the trial judge or jury has abused the ‘much discretion’ accorded by the codal provision; (2) The awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity.”
We certainly do not find that the trial court abused its discretion in awarding the sum of $3,000.00 to Mrs. Campbell.
Nor do we believe that the Lower Court was grossly in error in awarding the sum of $300.00 each to Brent and Karen who sustained minor contusions.
The same would apply to petitioner, James W. Campbell, who was awarded the *885 sum of $500.00 for injuries consisting of bruises, abrasions and contusions. He visited with Dr. Thompson only on one occasion and the doctor testified that he sustained contusions of both knees, chest wall and his nose as a result of the accident. The doctor instructed him to use heat on the involved areas and that it was not necessary for him to return unless he had some problem. As he did not return, we assume that he had no problem.
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendants.
Affirmed.